Case 3:24-cv-01672-B   Document 1-3   Filed 07/01/24   Page 1 of 19   PageID 13

FILED
5/28/2024 12:45 PM
JOHN F. WARREN
COUNTY CLERK
DALLAS COUNTY

NO. CC-24-03938-C

| | | |
|---|---|---|
| **QUIKTECH, LLC,** | § § § | IN THE COUNTY COURT |
| Plaintiff, | § § | |
| v. | § § | AT LAW NO. _____ |
| **H&R BLOCK ENTERPRISES, LLC,** | § § § | |
| Defendant. | § § | DALLAS COUNTY, TEXAS |

### PLAINTIFF'S ORIGINAL PETITION

**TO THE HONORABLE COURT:**

**COMES NOW** Plaintiff QUIKTECH, LLC, hereinafter "QUIKTECH", complains of Defendant H&R Block Enterprises, LLC, hereinafter "HRB", and for causes of action would respectfully show the Court the following:

### DISCOVERY CONTROL PLAN

1. Plaintiff believes that this suit is properly classified under the Discovery Control Plan Requirements specified by Texas Rule of Civil Procedure 190.2, and Plaintiff affirmatively states that it intends to pursue discovery under Level 2 of that rule.

### RELIEF

2. Pursuant to Tex. R. Civ. P. 47(c)(3), Plaintiff seeks monetary relief over $250,000 but not more than $1,000.000, excluding interest, statutory or punitive damages and penalties, and attorneys' fees and costs.

### PARTIES

3. Plaintiff QUIKTECH, LLC, is a Limited Liability Company, formed in the State of Texas with its principal place of business located in Dallas County, Texas.

4. Defendant H&R Block Enterprises, LLC, is a foreign corporation, and its principal business office is located in Irving, Dallas County, Texas. Defendant may be served with process by and through its registered agent, CT Corporation System, at 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

## JURISDICTION

5. The damages sought are within the jurisdictional limits of this court and this Court has subject matter jurisdiction over this case pursuant to Texas Rules of Civil Procedure 47.

## VENUE

6. Venue in Dallas County is proper in this cause under Texas Civil Practice and Remedies Code § 15.002 as all or a substantial portion of the acts and omissions by Defendant occurred at Defendant's place of business, 1221 Airport Freeway, Suite 115, Irving, Dallas County, Texas.

## FACTS

7. Defendant HRB is a tax services company, registered with the State of Texas, at the time in which Plaintiff complains of, as set forth below.

8. Plaintiff has been a commercial customer of HRB for several years. During this time, Plaintiff's bank account is debited $250 a month for payroll, tax services, and other commercial services (collectively, "Services") performed on Plaintiff's behalf, including preparing tax reports for the Texas Comptroller.

9. HRB's Services were provided pursuant to either a written service contract or upon the parties' course of conduct which reasonably relied upon by Plaintiff. On information and belief said Services also included providing Plaintiff online access to account records,

2

9. annual tax statements (1099s) and other information needed for Plaintiff to operate its business, secure insurance and file taxes.

10. Unbeknownst to Plaintiff until very recently, without notice or justification, HRB unilaterally stopped performing the Services, thereby breaching various promises contained in its agreement to provide Services.

11. HRB's failure to provide the Services has proximately caused the Texas Secretary of State and Texas Comptroller's Office to suspend Plaintiff's right to transact business in the State of Texas being terminated, Liberty Mutual to suspend Plaintiff's insurance coverage terminated, and effectively, shut down Plaintiff's business, causing them to let go of all employees and breaking existing contracts with third parties.

12. Plaintiff developed a level of trust through the years of service by Defendant's company and was therefore relying on Defendant to perform the Services because Plaintiff was charged and *continues* to be charged for its services.

13. To this date, Plaintiff suffers and continue to suffer the harm caused by Defendant.

## **AGENCY AND RESPONDE AT SUPERIOR**

14. Whenever in this petition it is alleged that Defendant did, or failed to do, any act, thing and/or omission, it is meant that Defendant or its agents, officers, servants, employees, vice principals, or representatives either did or failed to do such act, thing and/or omission, and it was done with the full authorization or ratification of Defendant, and/or done in the normal routine, course and scope of the agency or employment of Defendant or its agents, officers, servants, employees, vice principals, or representatives and/or with actual and/or apparent authority of Defendant.

## CONDITIONS PRECEDENT

15. Pursuant to Rule 54 of the Texas Rules of Civil Procedure, Plaintiff avers that all conditions precedent has been performed or have occurred or have been waived by Defendant, and that every notice required by law to be given has been properly and timely given.

## CAUSES OF ACTION

## COUNT ONE – BREACH OF CONTRACT

16. Plaintiff QUIKTECH re-alleges and incorporates by reference paragraphs 1-15, above, as if fully set forth herein.

17. "The elements of a breach of fiduciary duty claim are: (1) the existence of a valid contract, (2) performance or tendered performance by the Plaintiff, (3) breach of the contract by the Defendant, and (4) damages to the plaintiff resulting from that breach." *Harris v. Am. Prot. Ins. Co.,* 158 S.W.3d 614, 622-23 (Tex. App. Fort Worth 2005, no pet.).

18. The Agreement entered into between Plaintiff and Defendant is a valid and enforceable contract.

19. Plaintiff has performed under the Agreement, having made all payments required under the parties' agreement.

20. Defendant has breached its promise by, among other things, failing to provide Plaintiff yearly tax documents and online access to Plaintiff's own financial records.

21. Defendant's conduct has caused Plaintiff damages.

## COUNT TWO – BREACH OF FIDUCIARY DUTY

22. Plaintiff QUIKTECH re-alleges and incorporates by reference paragraphs 1-21, above, as if fully set forth herein.

4

23. The elements of a breach of fiduciary duty claim are: (1) a fiduciary relationship between the Plaintiff and Defendant, (2) a breach by the Defendant of his fiduciary duty to the Plaintiff, and (3) an injury to the Plaintiff or benefit to the Defendant as a result of the Defendant's breach. *Jones v. Blume*, 196 S.W.3d 440, 447 (Tex.App.-Dallas 2006, pet. denied) (citing *Punts v. Wilson*, 137 S.W.3d 889, 891 (Tex.App.-Texarkana 2004, no pet.)).

24. Under the common law of most jurisdictions, including Texas, agency is a special relationship that gives rise to a fiduciary duty. The Restatement (Second) of Agency provides ""[u]nless otherwise agreed, an agent is subject to a duty to his principal to act solely for the benefit of the principal in all matters connected with his agency."

25. As Plaintiff's tax representative to the State of Texas as well as other entities, Defendant had a fiduciary duty to Plaintiff.

26. Failure to perform the tax services, make timely filings with the State of Texas, and the failure to respond to insurance audits are omissions which evidence this breach.

27. As such, Plaintiff's business has been effectively terminated with the State of Texas, the insurance carriers have dropped coverage, and as a result, Plaintiff has suffered and continues to suffer great harm by Defendant's breach of fiduciary duty to Plaintiff.

### COUNT THREE– FRAUD

28. Plaintiff QUIKTECH re-alleges and incorporates by reference paragraphs 1-27, above, as if fully set forth herein.

29. Actual fraud usually involves dishonesty of purpose or intent to deceive, whereas constructive fraud is the breach of some legal or equitable duty which, irrespective of moral guilt, the law declares fraudulent because of its tendency to deceive others, to violate confidence, or to injure public interests. 721 S.W.2d at 273 (quoting *Archer v. Griffith*, 390 S.W.2d 735, 740 (Tex. 1964)).

30. Fraud may consist of both active misrepresentation and passive silence. See *American Tobacco Co. v. Grinnell*, 951 S.W.2d 420, 435–37 (Tex.1997); *Santanna Natural Gas*, 954 S.W.2d at 890.

31. At common law, the word "fraud" refers to an act, omission, or concealment in breach of a legal duty, trust, or confidence justly imposed, when the breach causes injury to another or the taking of an undue and unconscientious advantage. See *Russell v. Industrial Transp. Co.*, 113 Tex. 441, 258 S.W. 462, 462 (1924); *Chien v. Chen*, 759 S.W.2d 484, 494 (Tex.App.—Austin 1988, no writ). The "legal duty" may arise from several sources. See *Chien*, 759 S.W.2d at 494 n. 6.

32. For example, this "legal duty" may exist if it is established that one has placed special confidence in another where the latter is bound, in equity and good conscience, to act in good faith and with due regard for the interests of the other; it can arise when special confidence is placed in someone thereby giving that person a position of superiority and influence. See *Thigpen v. Locke*, 363 S.W.2d 247, 253 (Tex.1962); *Schiller v. Elick*, 150 Tex. 363, 240 S.W.2d 997, 1000 (1951); *Chien*, 759 S.W.2d at 494 n. 6.

33. Defendant HRB breached its fiduciary duty to Plaintiff as its agent who represents Plaintiff's tax matters to the state and federal government, as well as to Plaintiff's insurance carriers, who rely on the tax filings to assess risk, liability, and coverage amounts based on tax filings.

34. Defendant's failure to submit tax filings, or even advise Plaintiff that it was no longer submitting tax filings, but yet continuing to charge Plaintiff for these services constitutes constructive fraud.

35. As such, Plaintiff's business has been effectively terminated with the State of Texas, the insurance carriers have dropped coverage, and as a result, Plaintiff has suffered and continues to suffer great harm by Defendant's constructive fraud committed against Plaintiff.

## COUNT FOUR – PROFESSIONAL NEGLIGENCE

36. Plaintiff QUIKTECH re-alleges and incorporates by reference paragraphs 1-35, above, as if fully set forth herein.

37. To prevail in a professional negligence case against an accountant, the Plaintiff must prove (1) the accountant owed a duty to the Plaintiff; (2) the accountant breached that duty; (3) the breach caused the Plaintiff's injuries; and (4) damages occurred. *Tex. Pharmomedical Exports*, 2021 WL 2325085, at *6 (citing Duerr, 262 S.W.3d at 76).

38. Accountants owe their clients a common law duty to exercise reasonable care. *Ling v. BDA&K Bus. Services, Inc.*, 261 S.W.3d 341, 347 (Tex. App.—Dallas 2008, no pet.). This duty of reasonable care requires the accountant to exercise the degree of care, skill, and competence that reasonable members of the profession would exercise under similar circumstances. Id. The duty is usually discharged by complying with recognized industry standards. *Id*. See *Rivas v. Pitts*, 684 S.W.3d 849, 863 (Tex. App. 2023), review granted (Mar. 15, 2024)

39. As set forth in the aforementioned paragraphs, Defendant previously charged and continues to charge Plaintiff a monthly sum as payment for their services, which include, but is not limited to, bookkeeping, payroll, tax preparation, tax filings, and responses to audits.

40. Despite payment for services rendered, none of these acts have occurred in the last 18 months-2 years, resulting in the State of Texas revoking the license to transact business,

financial penalties for failure to file federal tax returns, and other harms associated with the failure to handle the professional duties of an accountant, like Defendant, H&R Block.

## DAMAGES

41. Plaintiff QUIKTECH re-alleges and incorporates by reference paragraphs 1-40, above, as if fully set forth herein.

42. As described more fully in the preceding paragraphs of this Petition, Defendant's failure to perform the duties of an accounting firm has resulted in state and federal statutory violations, termination of entity status by the State of Texas and were a direct and producing cause of Plaintiff damages that have accrued and are continuing to accrue, in an amount to be determined, but within the jurisdictional limits of the Court.

43. Defendant, as a licensed professional, had a duty to perform the services in which they charged Plaintiff for, and failure to do so, which resulted in harm to Plaintiff.

44. Plaintiff further alleges that since Defendant's actions resulted from fraud, malice or gross negligence, Defendant's conduct constitutes conduct for which the law allows imposition of exemplary or punitive damages. TEX. CIV. PRACT. & REM CODE 41.003(a). Accordingly, Plaintiff asks that exemplary damages be assessed against Defendant to the maximum amount allowed by law.

## ATTORNEY'S FEES AND COSTS

45. It was necessary for Plaintiff to secure the services of an attorney to prepare and prosecute this suit. Judgment for attorneys' fees through final judgment after appeal should be granted against Defendant and in favor of Plaintiff for the use and benefit of Plaintiff's counsel. In the alternative, Plaintiff requests that reasonable attorneys' fees through final judgment

after appeal be taxed as costs to be ordered paid directly to Plaintiff's attorney, who may enforce the order in the attorney's own name.

## APPLICATION FOR TEMPORARY RESTRAINING ORDER

46. Plaintiff Quick Tech requests that the Court issue a temporary restraining order ("TRO") against Defendant to prevent imminent and irreparable harm to Plaintiff. In support of this application for a TRO, Plaintiff respectfully shows the Court as follows:

## TEMPORARY RESTRAINING ORDER

47. Plaintiff realleges and incorporates by reference paragraphs 1-46, above, as if fully set forth herein.

48. Plaintiff further requests that the Court issue a TRO immediately in enjoining Defendant from the acts described above and to take action to protect Plaintiff from the irreparable harm described above and to maintain status quo in the interim before the application for temporary injunction may be heard. As shown by the verified facts and attached affidavit, Plaintiff has satisfied all requirements for a TRO.

49. Plaintiff asks for this application for a TRO be heard ex parte because Plaintiff will suffer and is suffering from immediate harm and irreparable injury before notice can be served on Defendant and a hearing held on the application under the circumstances. Plaintiff cannot obtain the necessary Commercial General Liability ("CGL") insurance to keep in compliance with their existing contracts, Plaintiff cannot pay its employees as a result of its clients stopping payment due to the lack of CGL insurance, and Defendant is completely unresponsive as to Plaintiffs pleas, requests, and demands to turn over its files from HRB so that an independent CPA may recreate the "books" for two years so that Plaintiff can

pay its taxes, be reinstated as an entity licensed to do business in Texas, pay its employees, and fulfill its contractual obligations to its clients.

## REQUEST FOR A HEARING

50. Plaintiff asks this Court to set this application for a TRO hearing to enjoin Defendants and issue an order specifically to Defendant requiring Defendant to turn over the Plaintiff's files for the last two years immediately, provide login and passwords to its HRB account, and provide any proof of work completed on Plaintiffs account in the last two years.

## BOND

51. Plaintiff is willing and able to post a bond in a reasonable amount to be set by this Court.

## PRAYER

**WHEREFORE**, premises considered, Plaintiff prays that Defendant be cited to answer and appear herein, that the Court issue a temporary writ of injunction as set forth above, and that, on final trial, the court enter judgment for Plaintiff as follows:

1. Enter judgment against Defendant jointly and severally for all economic damages for which Defendant's conduct was a producing cause;

2. Enter judgment against Defendant jointly and severally in favor of Plaintiff for all reasonable (and necessary, if applicable by Rule or Statute) attorney's fees incurred by Plaintiff in prosecuting their claims;

3. Enter judgment against Defendant jointly and severally in favor of Plaintiff for court cost, pre-judgement interest and post judgement interest; and

4. Enter judgment against Defendant jointly and severally in favor of Plaintiff for such other relief, at law or in equity, to which the Plaintiff is justly entitled.

Respectfully Submitted,

**Roquemore Skierski PLLC**
13155 Noel Road, Ste. 900
Dallas, Texas 75240
(972) 325-6591

By: */s/ Joslyn Smith*
Joslyn Smith
TXBN:24117080
joslyn@roqski.com

Kelvin Roquemore
TXBN: 24002867
kelvin@roqski.com

**ATTORNEYS FOR PLAINTIFF**

| | | |
|---|---|---|
| NO. _____ | | |
| QUIKTECH, LLC, § | | IN THE COUNTY COURT |
| Plaintiff, § § § | | |
| v. § § § | | AT LAW NO. \_\_\_\_ |
| H&R BLOCK ENTERPRISES, LLC, § § § | | |
| Defendants. § | | DALLAS COUNTY, TEXAS |

### AFFIDAVIT OF Thomas Crosby IN SUPPORT OF PLAINTIFF'S ORIGINAL PETITION AND APPLICATION FOR TEMPORARY RESTRAINING ORDER

STATE OF TEXAS §
§
COUNTY OF Dallas §

Before me, the undersigned authority, personally appeared Thomas Crosby, who, being by me duly sworn, stated under oath as follows:

1. My name is Thomas Crosby. I am of sound mind and capable of making this affidavit. I have personal knowledge of the facts stated herein because I am the owner and executive of QUIKTECH LLC, and those facts are true and correct.

2. QUIKTECH has been harmed and continues to be harmed by the failure of Defendant to perform the commercial services we agreed to and in which QUIKTECH continues to be charged for, which includes, but is not limited to preparing, filing, and paying QUIKTECH's tax documents with the State of Texas.

3. Attached hereto as Exhibit 1 is a true and correct copy of documentation from the Texas Comptroller of Public Accounts titled "Tax Clearance Letter for Reinstatement" dated February 14, 2024

4. Attached hereto as Exhibit 2 is a true and correct copy of documentation from Texas Secretary of State, dated February 16, 2024, which rejects the reinstatement of QUIKTECH, LLC's account and license to do business in the State of Texas due to Tax Forfeiture

5. Attached hereto as Exhibit 3 is a true and correct copy of documentation from our client, CIMA General Contractors advising that due to the lack of insurance, all checks are on hold.

6. As a result of QUIKTECH, LLC's pay hold by CIMA, funds in excess of $300,000 are being withheld as well as putting QUIKTECH, LLC in breach of contract with CIMA.

7. Defendant has failed to comply with the audits from Liberty Mutual regarding our tax payments and therefore has withdrawn coverage, resulting in the stop payments by CIMA."

Affiant states nothing further.

_____
Thomas Crosby on behalf of
QUIKTECH, LLC

SWORN TO AND SUBSCRIBED before me on the 14 day of May, 2024. This notarial act was an in-person notarization and Thomas Crosby's signature was tangible. I verified the signer's identity by his personal identification, a driver's license.

_____
Notary Public, State of Texas
Printed name: Desiree Castilleja
My commission expires: 05-10-2027

[SEAL]

DESIREE CASTILLEJA
Notary Public, State of Texas
Comm. Expires 05-10-2027
Notary ID 134351887

# EXHIBIT 1

TEXAS COMPTROLLER *of* PUBLIC ACCOUNTS

P.O. Box 13528 • Austin, TX 78711-3528



February 14, 2024

QUIK TECH LLC
112 MARSHALL DR
CEDAR HILL TX 75104-2396

## Tax Clearance Letter for Reinstatement*

To:  Texas Secretary of State
     Corporations Section

Re:  QUIK TECH LLC
     Taxpayer number: 32073461942
     File number: 0803549479

The referenced entity has met all franchise tax requirements and is eligible for reinstatement through May 15, 2024.

Comptroller of Public Accounts
Account Maintenance Division
Franchise Tax Section
1-800-531-5441 ext. 34402 or 512-463-4402

* *The reinstatement must be filed with the Texas Secretary of State on or before the expiration date of this letter. After this date, additional franchise tax filing requirements must be met, and a new request for tax clearance must be submitted.*

 *You can file for reinstatement online at www.sos.state.tx.us/corp/sosda/index.shtml. Forms and instructions for reinstatement are available at www.sos.state.tx.us/corp/forms_option.shtml or by calling 512-463-5555. This tax clearance letter must be attached to the reinstatement forms.*

Form 05-377 (Rev.4-14/5)

# EXHIBIT 2

Corporations Section  
P.O.Box 13697  
Austin, Texas 78711-3697



Jane Nelson  
Secretary of State

# Office of the Secretary of State

February 16, 2024

Attn: BEATRICE CROSBY  
Beatrice Crosby  
112 MARSHALL DR  
Cedar Hill, TX 75104 USA

—

**Batch Number: 133258806**     **Document Number: 1332588060002**

Re:   Quik Tech LLC  
      File Number: 803549479  
      Reinstatement- Tax Letter

This office has received and reviewed the above referenced document. The review reveals the following objections to the filing of the document. The document and any checks submitted in payment of statutory fees are returned to you for correction and resubmission. If payment of fees were to be charged to a credit card, LegalEase®, or a SOS client account, the account has not been charged.

1. An entity that is reinstating following a tax forfeiture must reinstate under Chapter 171 of the Texas Tax Code. **See Secretary of State Form 801**.

Sincerely,

Annie Cooper  
Corporations Section  
Business & Public Filings Division  
512-463-5555

*Come visit us on the internet at https://www.sos.texas.gov/*

| Phone: (512) 463-5555 | Fax: (512) 463-5709 | Dial: 7-1-1 for Relay Services |
|---|---|---|
| Prepared by: Annie Cooper | TID: 10004 | Document: 1332588060002 |

# EXHIBIT 3

From: Nancy Robison <nrobison@cima.build>
To: "Thomas Crosby" <tom_crosby@swbell.net>
Cc: "James Archer" <jarcher@cima.build>, "Jeff Miller" <Jeff@cima.build>
Sent: Fri, Apr 26, 2024 at 4:09 PM
Subject: RE: Qt1912

Hi Tom,

We still have not received an updated COI from you. All checks are now on hold until we receive the updated COI. Our sample COI with the correct verbiage is attached.

Thank you,



**Nancy Robison**

Office Manager

1017 Long Prairie Rd., Ste. 200

Flower Mound, TX 75022