IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| QUIKTECH, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:24-cv-1672-B |
| | § | |
| H&R BLOCK ENTERPRISES LLC, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

### Background

Through a Motion for Sanctions Pursuant to Rule 37(b)(2)(A) for Failure to Comply with Court Order [Dkt. No. 38], Defendant H&R Block Enterprises LLC seeks an order under Federal Rule of Civil Procedure 37(b)(2) imposing sanctions against Plaintiff Quik Tech, LLC for willful failure to comply with this Court's September 24, 2025 Electronic Order [Dkt. No. 31] granting Defendant H&R Block Enterprises LLC's Motion to Compel Discovery Responses and Request for Sanctions [Dkt. No. 24].

In that order, the Court explained that H&R Block reports that it served its First Set of Interrogatories to Quik Tech, LLC and First Requests for Production of Documents on Quik Tech on May 5, 2025 and that Quik Tech has not served any response to these discovery requests. *See* Dkt. No. 31.

The Court ordered Plaintiff Quik Tech, LLC to, by Thursday, October 2, 2025, serve on H&R Block's counsel complete responses (without objections) to all of the

requests for production in H&R Block's First Requests for Production of Documents and produce all unproduced documents and electronically stored information that are responsive to the requests and that are in Quik Tech's possession, custody, or control, in compliance with Federal Rule of Civil Procedure 34(b)'s requirements. *See id.*

The Court also ordered Quik Tech to, by Thursday, October 2, 2025, serve on H&R Block's counsel complete answers (without objections) to all interrogatories in H&R Block's First Set of Interrogatories to Quik Tech, LLC, in compliance with Federal Rule of Civil Procedure 33's requirements. *See id.*

Quik Tech did not comply with any of those requirements by October 2, 2025 or, for that matter, October 6, 2025 (when H&R Block filed this sanctions motion) or October 23, 2025 (when H&R Block filed its reply in support of the sanctions motion) or November 7, 2025 (when H&R Block filed a Motion for Extension of Time to File Dispositive Motion [Dkt. No. 45]) or December 15, 2025 (when H&R Block filed a court-order status report [Dkt. No. 49] and Quik Tech later filed its own status report [Dkt. No. 50]).

Through its sanctions motion, H&R asks the Court (1) to (a) establish as fact for purposes of this action that Quik Tech has no evidence to support its claims, under Rule 37(b)(2)(A)(i), or, in the alternative, (b) prohibit Quik Tech from supporting its claims or presenting evidence, under Rule 37(b)(2)(A)(ii), or, in the alternative, (c) strike Quik Tech's Complaint, under Rule 37(b)(2)(A)(iii), or, in the alternative, (d) dismiss the action, under Rule 37(b)(2)(A)(v), or, in the alternative,

(e) enter default judgment in favor of H&R Block, under Rule 37(b)(2)(A)(vi), and (2) to award H&R Block its reasonable expenses, including attorneys' fees, caused by Quik Tech's failure to comply with the Court's September 24, 2025 Electronic Order [Dkt. No. 31] and necessitating both the Motion to Compel Discovery Responses and Request for Sanctions [Dkt. No. 24] and the Motion for Sanctions Pursuant to Rule 37(b)(2)(A) for Failure to Comply with Court Order [Dkt. No. 38], under Rule 37(b)(2)(C) and Federal Rule of Civil Procedure 37(a)(5).

Quik Tech has not filed a response to the sanctions motion, as it acknowledges in its December 15, 2025 Status Report. *See* Dkt. No. 50. Its deadline to do so long since passed on October 27, 2025. *See* N.D. Tex. L. Civ. R. 7.1(e). Quik Tech has never requested that the Court extend the deadline but, in its December 15, 2025 Status Report, explains that it "has not yet filed a response while concentrating on the job of preparing discovery responses." Dkt. No. 50 at 10; *see also id.* at 15.

The Court need not and will not wait any longer for a response.

As for H&R Block's requested relief, a default judgment does not lie against a plaintiff against whom a defendant has brought no counterclaim. *See Pressey v. Patterson*, 898 F.2d 1018, 1021 n.2 (5th Cir. 1990); *Lara v. Power of Grace Trucking, LLC*, No. PE:20-CV-00010-DC-DF, 2022 WL 304982, at *2 (W.D. Tex. Feb. 2, 2022) ("The Fifth Circuit mandates that when a sanction is of such substantial effect that it would spell doom for the case – that is, would be litigation-ending, including the archetypal striking of pleadings of and subsequent entry of default judgment against a defendant or dismissal of a plaintiff's complaint – a 'heightened standard' is

imposed."), *rec. adopted*, 2022 WL 3481199 (W.D. Tex. Mar. 1, 2022); *cf. Fazeli v. Saleh*, No. 3:16-cv-749-B, 2018 WL 4539093, at *3 (N.D. Tex. Sept. 21, 2018) ("Since Defendant is defending this action against Plaintiff, striking the pleadings, staying further proceedings, or dismissing the action would be inappropriate.").

And the Court will separately address an award under Federal Rule of Civil Procedure 37(a)(5)(A) of H&R Block's reasonable expenses incurred in having its counsel prepare and file its Motion to Compel Discovery Responses and Request for Sanctions [Dkt. No. 24]. *See* Dkt. Nos. 31, 42, 43, & 44.

But the Court otherwise grants in part and denies in part H&R Block's Motion for Sanctions Pursuant to Rule 37(b)(2)(A) for Failure to Comply with Court Order under Federal Rule of Civil Procedure 37(b)(2) [Dkt. No. 38] for the reasons and to the extent explained below.

**Legal Standards**

Federal Rule of Civil Procedure 37(b)(2)(A) provides that, "[i]f a party ... fails to obey an order to provide or permit discovery, ... the court where the action is pending may issue further just orders. They may include the following:

(i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
(ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
(iii) striking pleadings in whole or in part;
(iv) staying further proceedings until the order is obeyed;
(v) dismissing the action or proceeding in whole or in part;
(vi) rendering a default judgment against the disobedient party; or
(vii) treating as contempt of court the failure to obey any order except

an order to submit to a physical or mental examination.

FED. R. CIV. P. 37(b)(2)(A)(i)-(vii).

Rule 37(b)(2)(C) further requires that, "[i]nstead of or in addition to the orders [described under Rule 37(b)(2)(A)], the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." FED. R. CIV. P. 37(b)(2)(C).

"A party's discovery conduct is found to be 'substantially justified' under Rule 37 if it is a response to a 'genuine dispute, or if reasonable people could differ as to the appropriateness of the contested action.'" *S.E.C. v. Kiselak Capital Grp., LLC*, No. 4:09-cv-256-A, 2012 WL 369450, at *5 (N.D. Tex. Feb. 3, 2012) (quoting *Devaney v. Continental Am. Ins. Co.*, 989 F.2d 1154, 1163 (11th Cir. 1993) (in turn quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988))). "The burden rests on the party who failed to comply with the order to show that an award of attorney's fees would be unjust or that the opposing party's position was substantially justified." *Id.* at *3 (cleaned up).

The undersigned has authority to enter a nondispositive order granting attorneys' fees or other nondispositive sanctions under Federal Rule of Civil Procedure 37(b) or denying a request for what might be considered a dispositive sanction. *See* 28 U.S.C. § 636(b); *Merritt v. Int'l Bhd. of Boilermakers*, 649 F.2d 1013, 1016-17 (5th Cir. Unit A 1981) (per curiam) (a magistrate judge has authority to enter a nondispositive order granting attorneys' fees as a sanction under Federal

Rule of Civil Procedure 37); *Siegel v. Compass Bank*, No. 3:18-cv-1023-X, 2021 WL 4498914, at *1 (N.D. Tex. Jan. 11, 2021) ("To determine whether a referred motion for sanctions is dispositive or non-dispositive, the sanction chosen by the magistrate judge, rather than the sanction sought by the party, governs the determination of whether Rule 72(a) or 72(b) applies. To allow otherwise would permit the party seeking sanctions to engage in a game of labels that would improperly dictate the standard of review." (cleaned up)); *Brown v. Bridges*, No. 3:12-cv-4947-P, 2015 WL 410062, at *1-*4 (N.D. Tex. Jan. 30, 2015) (explaining that, when a district judge refers a motion for sanctions to a magistrate judge, the sanction chosen by the magistrate judge, rather than the sanction sought by the party, governs the determination of whether Federal Rule of Civil Procedure 72(a) or 72(b) applies and that, when the magistrate judge finds that dismissal or another sanction disposing of a claim or defense is unwarranted, the motions should be characterized as non-dispositive and may be ruled on by the magistrate judge) (followed in *Green Hills Dev. Co., LLC v. Credit Union Liquidity Servs., LLC*, No. 3:11-cv-1885-L-BN, Dkt. No. 373 at 2 (N.D. Tex. Dec. 1, 2016)).

Rule 37(b) "is designed to empower the court to compel production of evidence by the imposition of reasonable sanctions." *Dorsey v. Acad. Moving & Storage, Inc.*, 423 F.2d 858, 860 (5th Cir. 1970). "Sanctions under Rule 37 serve the dual function of reimbursing the moving party and deterring the violator of the discovery orders (as well as other potential violators)." *Day v. Allstate Ins. Co.*, 788 F.2d 1110, 1114 (5th Cir. 1986).

Rule 37(b)(2) "empowers the courts to impose sanctions for failures to obey discovery orders. In addition to a broad range of sanctions, including contempt, [Rule] 37(b)(2) authorizes the court to impose a concurrent sanction of reasonable expenses, including attorney's fees, caused by the failure to obey a discovery order." *Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.*, 685 F.3d 486, 488 (5th Cir. 2012) (cleaned up); *see also Chilcutt v. United States*, 4 F.3d 1313, 1322 n.23 (5th Cir. 1993) ("Rule 37(b) clearly indicates that district courts have authority to grant a broad spectrum of sanctions.").

"The district court has broad discretion under Rule 37(b) to fashion remedies suited to the misconduct." *Smith*, 685 F.3d at 488 (cleaned up). "This discretion, however, is limited" based on the type of sanctions imposed. *Id.*

The United States Court of Appeals for the Fifth Circuit has explained that its "caselaw imposes a heighted standard for litigation-ending sanctions (sometimes called 'death penalty' sanctions). For a lesser sanction, we broadly require the district court to determine the sanctions are 'just' and 'related to the particular 'claim' which was at issue in the order to provide discovery.'" *Law Funder, L.L.C. v. Munoz*, 924 F.3d 753, 758 (5th Cir. 2019) (cleaned up).

The sanction imposed should be the least severe sanction adequate to achieve the proper functions of Rule 37(b)(2) under the particular circumstances. *See Smith*, 685 F.3d at 488-90.

And the Fifth Circuit recently repeated its guidance that, "to levy a litigation-ending sanction for a discovery violation, the court must make four

findings. *First*, the violation reflects bad faith or willfulness. *Second*, the client, not counsel, is responsible for the violation. *Third*, the violation substantially prejudiced the opposing party. *Fourth*, a lesser sanction would not substantially achieve the desired deterrent effect." *Vikas WSP, Ltd. v. Econ. Mud Prod. Co.*, 23 F.4th 442, 454 (5th Cir. 2022) (cleaned up); *accord Nissho-Iwai Am. Corp. v. Kline*, 845 F.2d 1300, 1304 (5th Cir. 1988) ("We have repeatedly emphasized that a dismissal with prejudice is a 'draconian' remedy, or a 'remedy of the last resort,' to be employed only when the failure to comply with the court's order results from wilfullness or bad faith rather than from an inability to comply. Nevertheless, deliberate, repeated refusals to obey discovery orders have been held to warrant the use of this ultimate sanction." (cleaned up)); *Batson v. Neal Spelce Assocs., Inc.*, 765 F.2d 511, 514 (5th Cir. 1985) ("[D]ismissal is authorized only when the failure to comply with the court's order results from willfulness or bad faith, and not from the inability to comply.").

But "[l]esser sanctions do not require a finding of willfulness." *Smith*, 685 F.3d at 488. "Of course, the flagrancy of a party's behavior must be directly proportionate to the severity of the sanction imposed," but "the lack of willful, contumacious, or prolonged misconduct [does not] prohibit[] all sanctions." *Chilcutt*, 4 F.3d at 1322 n.23. Even where a party was "unable to comply with the discovery requests, the district court still ha[s] broad discretion to mete out a lesser sanction than dismissal." *Id.* (cleaned up).

That is because "the type of conduct displayed by a party had no bearing on

-8-

whether sanctions should be imposed, but only on the type of sanctions imposed," and "[t]he willfulness or good faith of [a party], can hardly affect the fact of noncompliance and [is] relevant only to the path which the District Court might follow in dealing with [the party's] failure to comply." *Id.* (cleaned up).

## Analysis

I. <u>Quik Tech violated the Court's September 24, 2025 Electronic Order.</u>

The Court ordered Plaintiff Quik Tech, LLC to, by Thursday, October 2, 2025, serve on H&R Block's counsel complete responses (without objections) to all of the requests for production in H&R Block's First Requests for Production of Documents and produce all unproduced documents and electronically stored information that are responsive to the requests and that are in Quik Tech's possession, custody, or control, in compliance with Federal Rule of Civil Procedure 34(b)'s requirements. *See* Dkt. No. 31.

The Court also ordered Quik Tech to, by Thursday, October 2, 2025, serve on H&R Block's counsel complete answers (without objections) to all interrogatories in H&R Block's First Set of Interrogatories to Quik Tech, LLC, in compliance with Federal Rule of Civil Procedure 33's requirements. *See id.*

As of December 15, 2025, Quik Tech has failed to serve any responses to H&R Block's discovery requests. *See* Dkt. No. 49 at 2.

Quik Tech reported late on December 15, 2025 that "discovery responses ordered by this Court to be served by October 2, 2025 (Dkt. No. 31) have not yet been fully served" but that "[s]pecial circumstances exist that have significantly impacted

Plaintiff's ability to complete the discovery responses in a timely manner." Dkt. No. 50 at 4. Quik Tech explained that it "has been working diligently to locate all responsive documents" and that it "could have provided partial discovery responses at various points during the past weeks, but Plaintiff understands the Court's Order (Dkt. No. 31) to require complete responses without objections, and Plaintiff has been attempting in good faith to comply fully with that Order without the need for subsequent supplementation of documents that Plaintiff has had difficulty locating." *Id.* at 8. Quik Tech represented that it "is committed to completing and serving its discovery responses as expeditiously as possible" and "has been working diligently on these responses and will serve them upon Defendant as soon as possible, which Plaintiff anticipates without significant further delay." *Id.* at 14.

Without more and without filing any motion, Quik Tech for the first time in its late-night December 15, 2025 Status Report requests that the Court "[a]llow Plaintiff a reasonable time to complete and serve its discovery responses." *Id.* at 16.

The Court set an October 2, 2025 deadline in its September 24, 2025 Electronic Order. *See* Dkt. No. 31. 74 days have now passed since that deadline without any compliance by Quik Tech with its requirements or any motion asking the Court to extend the deadline. *Cf. Lopez v. Don Herring Ltd.*, 327 F.R.D. 567, 583 (N.D. Tex. 2018) (explaining that "the proper course for a party who needs more time to properly respond to discovery requests is not to ignore the 30-day deadline (without a court order or agreement of the parties) or to serve general or boilerplate objections but rather to seek more time to properly object or respond to or answer

-10-

some or, if truly necessary, all of the discovery requests"). The Court-ordered October 2, 2025 deadline itself fell 120 days after Quik Tech's original June 4, 2025 deadline to respond to H&R Block's discovery requests.

For purposes of Rule 37(b)(2), Quik Tech violated the Court's September 24, 2025 Electronic Order [Dkt. No. 31].

II.  <u>Litigation-ending sanctions are not warranted under the required standard.</u>

H&R Block acknowledges that it seeks litigation-ending sanctions. Those include not only dismissing Quik Tech's action or striking its complaint but also establishing as fact for purposes of this action that Quik Tech has no evidence to support its claims and prohibiting Quik Tech from supporting its claims or presenting evidence.

In this context, the Fifth Circuit has explained that "discovery delays are serious, especially when they are part of a pattern," and that "[k]nowingly ignoring an obligation, especially multiple times, may alone be enough to find bad faith." *Calsep A/S v. Dabral*, 84 F.4th 304, 314 (5th Cir. 2023).

The record evidence here supports a finding that Quik Tech itself – through its principal – knew about its obligations to answer H&R Block's discovery requests and produce responsive documents.

But the record does not support a finding that Quik Tech, rather than its outside counsel, is responsible for the ongoing violations. Asserting that, being the party to the lawsuit and the client of one's attorney entails being deemed bound by the acts of the party's lawyer-agent is not the same as showing – as the Fifth Circuit

-11-

requires in this Rule 37(b)(2)(A) context – that the client, not counsel, is responsible for the violation of the discovery order.

III. <u>Sanctions are needed and appropriate.</u>

Still, "[l]esser sanctions do not require a finding of willfulness." *Smith*, 685 F.3d at 488. And, while "the flagrancy of a party's behavior must be directly proportionate to the severity of the sanction imposed," "the lack of willful, contumacious, or prolonged misconduct [does not] prohibit[] all sanctions." *Chilcutt*, 4 F.3d at 1322 n.23.

Quik Tech's and its attorneys' arguments against sanctions fail to persuade. Those assertions and excuses amount, in short, to documenting the revolving cast of contract attorneys at Quik Tech's outside counsel's firm who worked on this case; complaining of alleged mistakes by Quik Tech's former attorneys; arguing that H&R Block's alleged conduct that gives rise to Quik Tech's claims caused or at least contributed to Quik Tech's ongoing failure to comply with Quik Tech's obligations to respond to discovery that H&R Block seeks to defend against those claims; and asserting Quik Tech is a small company whose principals could not timely compile the requested discovery materials and responsive documents, particularly after the Court ordered that Quik Tech must fully respond to all the requests without objections. *See* Dkt. Nos. 42, 43, 47, & 50.

None of those arguments or assertions immunizes Quik Tech from appropriate sanctions for its ongoing failure to comply with the Court's discovery order.

Quik Tech and its attorneys' conduct, as described above, warrants a sanction that is just and related to Quik Tech's claims that were at issue in the order to provide discovery. The Court is separately considering extending a stay of the case schedule, and so that is not an appropriate sanction here. *See* Dkt. No. 48.

Under the circumstances, the Court orders, under Rule 37(b)(2)(A) and (C), that

1. Plaintiff Quik Tech, LLC must, by Wednesday, December 23, 2025, serve on H&R Block's counsel complete responses (without objections) to all of the requests for production in H&R Block's First Requests for Production of Documents and produce all unproduced documents and electronically stored information that are responsive to the requests and that are in Quik Tech's possession, custody, or control, in compliance with Federal Rule of Civil Procedure 34(b)'s requirements;
2. Plaintiff Quik Tech, LLC must, by Wednesday, December 23, 2025, serve on H&R Block's counsel complete answers (without objections) to all interrogatories in H&R Block's First Set of Interrogatories to Quik Tech, LLC, in compliance with Federal Rule of Civil Procedure 33's requirements;
3. if Plaintiff Quik Tech, LLC fails to fully comply with these first two obligations (to fully respond to the discovery requests) by Wednesday, December 23, 2025, it must, by Thursday, December 24, 2025, file a status report explaining why it and its counsel should not be subject to any litigation-ending or other sanctions under Federal Rule of Civil Procedure 37(b);
4. if Plaintiff Quik Tech, LLC fails to fully comply with the first two obligations (to fully respond to the discovery requests) by Wednesday, January 7, 2026, it must, by Thursday, January 8, 2025, file a second status report again explaining why, at that point, it and its counsel should not be subject to any litigation-ending or other sanctions under Federal Rule of Civil Procedure 37(b); and
5. Plaintiff Quik Tech, LLC must reimburse Defendant H&R Block Enterprises LLC for its reasonable expenses and attorneys' fees incurred in having its attorneys draft and file its Motion for Sanctions Pursuant to Rule 37(b)(2)(A) for Failure to Comply with Court Order [Dkt. No. 38] and reply [Dkt. No. 44] and exhibits or appendices in support.

These sanctions appropriately address and remediate Quik Tech's discovery violations and the resulting prejudice to H&R Block. Requiring Quik Tech to pay these expenses itself appropriately imposes this burden on – and properly incentivizes future compliance by – the party itself in this instance, particularly where its principal testified on October 3, 2025 to being aware of Quik Tech's discovery obligations.

The Court directs the parties' counsel to confer by telephone or videoconference or in person about the amount of these reasonable expenses and attorneys' fees to be awarded under Rules 37(b)(2)(C) and 37(a)(5). By no later than **Tuesday, January 20, 2026**, the parties must file a joint report notifying the Court of the results of the conference.

If all disputed issues as to the amount of reasonable expenses and attorneys' fees to be awarded to H&R Block have been resolved, H&R Block's counsel must also send an agreed proposed order to the Court at Horan_Orders@txnd.uscourts.gov by **Tuesday, January 20, 2026**.

If the parties do not reach an agreement as to the amount of reasonable expenses and attorneys' fees to be awarded, H&R Block must, by no later than **Tuesday, February 3, 2026**, file an application for reasonable expenses and attorneys' fees that is accompanied by supporting evidence establishing the amount of the reasonable expenses and attorneys' fees to be awarded under Rules 37(a)(5). The fee application must be supported by documentation evidencing the "lodestar" calculation, including affidavits and detailed billing records, and citations to relevant

authorities and must set forth the itemized number of hours expended in connection with the recoverable attorneys' fees described above as well as the reasonable rate(s) requested. *See Tollett v. City of Kemah*, 285 F.3d 357, 367 (5th Cir. 2002).

If an application is filed, Quik Tech must file a response by **Tuesday, February 17, 2026**, and H&R Block must file any reply by **Tuesday, March 3, 2026**.

## Conclusion

For the reasons and to the extent explained above, the Court grants in part and denies in part Defendant H&R Block Enterprises LLC's Motion for Sanctions Pursuant to Rule 37(b)(2)(A) for Failure to Comply with Court Order [Dkt. No. 38].

SO ORDERED.

DATED: December 16, 2025

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE