IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| QUIKTECH, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:24-cv-1672-B |
| | § | |
| H&R BLOCK ENTERPRISES LLC, | § | |
| | § | |
| Defendant. | § | |

# MEMORANDUM OPINION AND ORDER

## Background

Through a Motion to Strike Plaintiff's Expert Witness for Failure to Produce Expert Report and Failure to Comply with This Court's Discovery Orders [Dkt. No. 40], Defendant H&R Block Enterprises LLC requests an order, under Federal Rule of Civil Procedure 26 and the Court's Scheduling Order, striking Plaintiff Quik Tech, LLC's expert witness Art Levy from providing testimony in this case or from being used for any other purpose in this case.

H&R Block argues that Quik Tech failed to produce the expert disclosure as required by the Court's Scheduling Order and Federal Rule of Civil Procedure 26(b)(2)(B) and failed to produce any discovery regarding this expert and has failed to comply with the Court's Order directing Plaintiff to produce discovery by October 2, 2025.

Quik Tech has not filed a response to this motion. Its deadline to do so long

since passed on October 30, 2025. *See* N.D. Tex. L. Civ. R. 7.1(e).

Quik Tech has never requested that the Court extend the deadline and, in its December 15, 2025 Status Report, acknowledges that it "has not yet filed a response." Dkt. No. 50 at 10; *see also id.* at 15.

The Court need not and will not wait any longer for a response.

The Court now grants H&R Block's Motion to Strike Plaintiff's Expert Witness for Failure to Produce Expert Report and Failure to Comply with This Court's Discovery Orders [Dkt. No. 40] for the reasons explained below.

## Background

The Court's Scheduling Order required that, "[u]nless otherwise permitted by the Court, the plaintiff shall file a written designation of the name and address of each expert witness who will testify at trial for the plaintiff and shall otherwise comply with Rule 26(a)(2) on or before April 7, 2025." Dkt. No. 16 at 2-3.

On April 7, 2025, Plaintiff Quik Tech, LLC filed Plaintiff's Designation of Expert and Disclosure of Expert Testimony [Dkt. No. 21], in which Quik Tech disclosed the name and address of Art Levy as an "individual who is not retained or specially employed to provide expert testimony but who may be called to offer opinions at trial" and "may be called to testify as to (1) review and assist Workers Comp verification; (2) provide accounting for years 2022, 2023 and 2024; (3) assist and filing of Form 1040 tax returns for year 2022 and 2023."

**Legal Standards**

H&R Block asserts that Mr. Levy is subject to Federal Rule of Civil Procedure 26(a)(2)(B)'s expert report requirements.

But Quik Tech's disclosure explained that Mr. Levy "is not retained or specially employed to provide expert testimony but who may be called to offer opinions at trial." Dkt. No. 21 at 1.

And, so, Mr. Levy is a non-retained, testifying expert witness – that is, an expert who must be disclosed under Federal Rules of Civil Procedure 26(a)(2)(A) and 26(a)(2)(C) because a party expects it may use the witness to testify "at trial to present evidence under Federal Rule of Evidence 702, 703, or 705" but who is not required under Federal Rule of Civil Procedure 26(a)(2)(B) to provide a written report because the expert is not "one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony." FED. R. CIV. P. 26(a)(2)(A)-(C); *accord BCC Merch. Sols., Inc. v. JetPay, LLC*, No. 3:12-cv-5185-B, 2016 WL 3264283, at *1 n.1 (N.D. Tex. Feb. 19, 2016) ("Rule 26(a)(2) requires expert disclosures to include retained expert witness reports.").

As for the required disclosures for non-retained experts under Federal Rule of Civil Procedure 26(a)(2)(C), another judge in this district recently explained that Federal Rule of Civil Procedure

> 26(a)(2)(A) requires parties to disclose "the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705." If the expert witness is not required to provide a written report, the party's disclosure must provide "the subject matter on which

> the witness is expected to testify" and "a summary of the facts and opinions to which the witness is expected to testify." The advisory committee report notes clarify that Rule 26(a)(2)(C) "mandate[s] summary disclosures of the opinions to be offered by the expert witnesses who are not required to provide reports under Rule 26(a)(2)(B) and of the facts supporting those opinions." While this summary is "considerably less extensive than the report required by Rule 26(a)(2)(B)[,] and [c]ourts must take care against requiring undue detail," "[t]his less extensive disclosure standard ... does not obviate the need to provide the disclosures expressly required by this rule."

*Fracalossi v. MoneyGram Pension Plan*, No. 3:17-cv-336-X, 2021 WL 5505604, at *13 (N.D. Tex. Nov. 24, 2021) (cleaned up).

Rule 26(a)(2)(C) "is intended to ensure that an opposing party has some notice of what an expert witness who is not retained or specially employed will testify about," and "[t]he disclosure must at least state opinions, not merely topics of testimony[,] and contain ... a summary of the facts upon which the opinions are based." *Aircraft Holding Sols., LLC v. Learjet, Inc.*, No. 3:18-cv-823-D, 2022 WL 3019795, at *5 (N.D. Tex. July 29, 2022) (cleaned up).

"[T]he requirement of a 'summary' may be satisfied by an abstract, abridgement, or compendium of the opinion and facts supporting the opinion," and "[t]he court must take care against requiring undue detail, keeping in mind that these witnesses have not been specially retained and may not be as responsive to counsel as those who have." *Id.* (cleaned up).

"If a party fails to provide information as required under Rule 26(a) or (e), he may not use that information or witness to 'supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.'" *BCC*

*Merch. Sols.*, 2016 WL 3264283, at *3 (quoting FED. R. CIV. P. 37(c)(1)).

> Exclusion is not mandatory but within the Court's discretion. The Court looks to four factors in deciding whether to exercise its discretion: "(1) the importance of the evidence; (2) the prejudice to the opposing party of including the evidence; (3) the possibility of curing such prejudice by granting a continuance; and (4) the explanation for the party's failure to disclose."

*Fracalossi*, 2021 WL 5505604, at *13 (cleaned up).

"The court considers the four-factor test holistically. It does not mechanically count the number of factors that favor each side." *Galvez v. KLLM Transp. Servs., LLC*, 575 F. Supp. 3d 748, 757 (N.D. Tex. 2021) (cleaned up). "[T]he exclusion of evidence is a harsh penalty and should be used sparingly." *Id.* at 758 (cleaned up).

## Analysis

While Quik Tech was not required to provide an expert report for Mr. Levy, Rule 26(a)(2) and the Court's Scheduling Order do require a disclosure that states "(i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and (ii) a summary of the facts and opinions to which the witness is expected to testify." FED. R. CIV. P. 26(a)(2)(C).

Quik Tech failed to provide those disclosures where Quik Tech broadly identifies "the subject matter [of Mr. Levy's] expected testimony" but "provides no summary of the facts and the substantive opinion to which he is expected to testify, as required by Rule 26(a)(2)(C)"; "does not state what his opinions are regarding any of the topics he identifies"; "does not state what his view or judgment is regarding any of the topics he identifies in his disclosure"; and "does not articulate a summary

of the facts supporting any of his opinions, as required by Rule 26(a)(2)(C)." *VeroBlue Farms USA Inc. v. Wulf*, No. 3:19-cv-764-X, 2023 WL 348016, at *12 (N.D. Tex. Jan. 20, 2023) (cleaned up).

These disclosures provide less than the combination of pointing to deposition testimony and a bullet-point list of opinions that the Court found sufficient in *Everett Fin., Inc. v. Primary Residential Mortg., Inc.*, No. 3:14-cv-1028-D, 2017 WL 90366, at *2-*3 (N.D. Tex. Jan. 10, 2017).

And the Court does not find Quik Tech's non-compliance to be substantially justified or harmless, considering (1) the importance of the evidence; (2) the prejudice to the opposing party of including the evidence; (3) the possibility of curing such prejudice by granting a continuance; and (4) the explanation for the party's failure to disclose.

Quik Tech has not timely responded to this motion or otherwise offered any explanation for its failure to fully disclose Mr. Levy under Rule 26(a)(2). And it has not responded to H&R Block's discovery requests seeking this information, despite the Court's order that it do so by October 2, 2025. *See* Dkt. No. 52.

At this stage of the case, with expert disclosure and discovery deadlines having expired, H&R Block would be prejudiced if Quik Tech's expert witness were allowed to testify despite Quik Tech's failure to properly disclose and to provide discovery responses seeking the missing information.

H&R Block persuasively explains that, without the required disclosure or

responses to discovery requests, H&R Block has not been able to assess the basis or merits of Quik Tech's allegations, and, with the extended discovery deadline of October 10, 2025 having passed, H&R Block will not have a reasonable opportunity at this point to review and rebut the substance of any positions asserted by Quik Tech's expert witness.

The Court also agrees with H&R Block that granting a continuance would not cure the prejudice to H&R Block caused by Quik Tech's failure to properly disclose and to produce any discovery related to Mr. Levy, where H&R Block already sought and obtained the extension of the discovery deadline to October 10, 2025.

And the Court concurs with H&R Block's assessment that there is no basis from the limited disclosure to date from which to determine the importance of Mr. Levy's testimony. And, again, Quik Tech has filed no response to this motion, now 46 days after its deadline to respond.

The Court determines that Quik Tech's April 7, 2025 disclosures do not provide sufficient notice of the subject matter, opinions, and facts that Mr. Levy is expected to testify on as an expert witness, resulting in prejudice to H&R Block.

And, so, the Court excludes any expert testimony by Art Levy, as designated by Plaintiff Quik Tech, LLC.

## Conclusion

For the reasons explained above, the Court grants H&R Block's Motion to Strike Plaintiff's Expert Witness for Failure to Produce Expert Report and Failure to

Comply with This Court's Discovery Orders [Dkt. No. 40].

SO ORDERED.

DATED: December 16, 2025

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE