IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| QUIKTECH, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:24-cv-1672-S-BN |
| | § | |
| H&R BLOCK ENTERPRISES LLC, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

**Background**

Through a Motion for Sanctions Pursuant to Rule 37(b)(2)(A) for Failure to Comply with Court Order [Dkt. No. 38], Defendant H&R Block Enterprises LLC sought an order under Federal Rule of Civil Procedure 37(b)(2) imposing sanctions against Plaintiff Quik Tech, LLC for willful failure to comply with this Court's September 24, 2025 Electronic Order [Dkt. No. 31] granting Defendant H&R Block Enterprises LLC's Motion to Compel Discovery Responses and Request for Sanctions [Dkt. No. 24]. *See* Dkt. No. 38.

In that September 24, 2025 Electronic Order, the Court explained that H&R Block reported that it served its First Set of Interrogatories to Quik Tech, LLC and First Requests for Production of Documents on Quik Tech on May 5, 2025 and that Quik Tech has not served any response to these discovery requests. *See* Dkt. No. 31.

The Court ordered Plaintiff Quik Tech, LLC to, by Thursday, October 2, 2025, serve on H&R Block's counsel complete responses (without objections) to all of the

requests for production in H&R Block's First Requests for Production of Documents and produce all unproduced documents and electronically stored information that are responsive to the requests and that are in Quik Tech's possession, custody, or control, in compliance with Federal Rule of Civil Procedure 34(b)'s requirements. *See id.*

The Court also ordered Quik Tech to, by Thursday, October 2, 2025, serve on H&R Block's counsel complete answers (without objections) to all interrogatories in H&R Block's First Set of Interrogatories to Quik Tech, LLC, in compliance with Federal Rule of Civil Procedure 33's requirements. *See id.*

Quik Tech did not comply with any of those requirements by October 2, 2025 or, for that matter, October 6, 2025 (when H&R Block filed this sanctions motion) or October 23, 2025 (when H&R Block filed its reply in support of the sanctions motion) or November 7, 2025 (when H&R Block filed a Motion for Extension of Time to File Dispositive Motion [Dkt. No. 45]) or December 15, 2025 (when H&R Block filed a court-order status report [Dkt. No. 49] and Quik Tech later filed its own status report [Dkt. No. 50]).

Through its sanctions motion, H&R asked the Court (1) to (a) establish as fact for purposes of this action that Quik Tech has no evidence to support its claims, under Rule 37(b)(2)(A)(i), or, in the alternative, (b) prohibit Quik Tech from supporting its claims or presenting evidence, under Rule 37(b)(2)(A)(ii), or, in the alternative, (c) strike Quik Tech's Complaint, under Rule 37(b)(2)(A)(iii), or, in the alternative, (d) dismiss the action, under Rule 37(b)(2)(A)(v), or, in the alternative, (e) enter default judgment in favor of H&R Block, under Rule 37(b)(2)(A)(vi), and (2) to award H&R

Block its reasonable expenses, including attorneys' fees, caused by Quik Tech's failure to comply with the Court's September 24, 2025 Electronic Order [Dkt. No. 31] and necessitating both the Motion to Compel Discovery Responses and Request for Sanctions [Dkt. No. 24] and the Motion for Sanctions Pursuant to Rule 37(b)(2)(A) for Failure to Comply with Court Order [Dkt. No. 38], under Rule 37(b)(2)(C) and Federal Rule of Civil Procedure 37(a)(5). *See* Dkt. No. 38.

The Court, in its December 16, 2025 Memorandum Opinion and Order [Dkt. No. 52], granted in part and denied in part H&R Block's Motion for Sanctions Pursuant to Rule 37(b)(2)(A) for Failure to Comply with Court Order under Federal Rule of Civil Procedure 37(b)(2) [Dkt. No. 38] and ordered,

> under Rule 37(b)(2)(A) and (C), that
>
> 1. Plaintiff Quik Tech, LLC must, by Wednesday, December 23, 2025, serve on H&R Block's counsel complete responses (without objections) to all of the requests for production in H&R Block's First Requests for Production of Documents and produce all unproduced documents and electronically stored information that are responsive to the requests and that are in Quik Tech's possession, custody, or control, in compliance with Federal Rule of Civil Procedure 34(b)'s requirements;
> 2. Plaintiff Quik Tech, LLC must, by Wednesday, December 23, 2025, serve on H&R Block's counsel complete answers (without objections) to all interrogatories in H&R Block's First Set of Interrogatories to Quik Tech, LLC, in compliance with Federal Rule of Civil Procedure 33's requirements;
> 3. if Plaintiff Quik Tech, LLC fails to fully comply with these first two obligations (to fully respond to the discovery requests) by Wednesday, December 23, 2025, it must, by Thursday, December 24, 2025, file a status report explaining why it and its counsel should not be subject to any litigation-ending or other sanctions under Federal Rule of Civil Procedure 37(b);
> 4. if Plaintiff Quik Tech, LLC fails to fully comply with the first two obligations (to fully respond to the discovery requests) by Wednesday, January 7, 2026, it must, by Thursday, January 8, 2025, file a second status report again explaining why, at that point, it and its counsel

should not be subject to any litigation-ending or other sanctions under Federal Rule of Civil Procedure 37(b); and

5.      Plaintiff Quik Tech, LLC must reimburse Defendant H&R Block Enterprises LLC for its reasonable expenses and attorneys' fees incurred in having its attorneys draft and file its Motion for Sanctions Pursuant to Rule 37(b)(2)(A) for Failure to Comply with Court Order [Dkt. No. 38] and reply [Dkt. No. 44] and exhibits or appendices in support.

These sanctions appropriately address and remediate Quik Tech's discovery violations and the resulting prejudice to H&R Block. Requiring Quik Tech to pay these expenses itself appropriately imposes this burden on – and properly incentivizes future compliance by – the party itself in this instance, particularly where its principal testified on October 3, 2025 to being aware of Quik Tech's discovery obligations.

The Court directs the parties' counsel to confer by telephone or videoconference or in person about the amount of these reasonable expenses and attorneys' fees to be awarded under Rules 37(b)(2)(C) and 37(a)(5). By no later than **Tuesday, January 20, 2026**, the parties must file a joint report notifying the Court of the results of the conference.

If all disputed issues as to the amount of reasonable expenses and attorneys' fees to be awarded to H&R Block have been resolved, H&R Block's counsel must also send an agreed proposed order to the Court at Horan_Orders@txnd.uscourts.gov by **Tuesday, January 20, 2026**.

If the parties do not reach an agreement as to the amount of reasonable expenses and attorneys' fees to be awarded, H&R Block must, by no later than **Tuesday, February 3, 2026**, file an application for reasonable expenses and attorneys' fees that is accompanied by supporting evidence establishing the amount of the reasonable expenses and attorneys' fees to be awarded under Rules 37(a)(5). The fee application must be supported by documentation evidencing the "lodestar" calculation, including affidavits and detailed billing records, and citations to relevant authorities and must set forth the itemized number of hours expended in connection with the recoverable attorneys' fees described above as well as the reasonable rate(s) requested. *See Tollett v. City of Kemah*, 285 F.3d 357, 367 (5th Cir. 2002).

If an application is filed, Quik Tech must file a response by **Tuesday, February 17, 2026**, and H&R Block must file any reply by **Tuesday, March 3, 2026**.

Dkt. No. 52 at 4, 13-15.

On December 29, 2025, H&R Block filed a Notice of Plaintiff Quik Tech's Non-

Compliance with Court Memorandum Opinion and Order Setting Deadline to Serve

Discovery Responses [ECF 52], *see* Dkt. No. 56, reporting that Quik Tech "has failed to comply with [the Court's December 16, 2025 Memorandum Opinion and Order], by serving on H&R Block (a) any responses to H&R Block's First Request for Production of Documents and electronically stored information or (b) any answers to all interrogatories in H&R Block's First Set of Interrogatories to Quik Tech, LLC," Dkt. No. 56 at 2. And H&R Block reports that Quik Tech "has failed to comply with [the Court's December 16, 2025 Memorandum Opinion and Order] to file a status report by December 24, 2025, explaining why it and its counsel should not be subject to any litigation-ending or other sanctions under F.R.C.P. 37(b)." *Id.* H&R Block reported that, "[a]s of the date of this filing, counsel for H&R Block has not received any responses to H&R Block's Discovery Requests and has not received any communications from Plaintiff regarding the [the Court's December 16, 2025 Memorandum Opinion and Order] or Plaintiff's required status report [ECF 52]." *Id.*

Quik Tech then filed a Motion to Dismiss [Dkt. No. 57] under Federal Rule of Civil Procedure 41(a)(2), in which Quik Tech explained (among other things) that

- Quik Tech "seeks voluntary dismissal without prejudice of the instant case in order for Plaintiff to proceed with a new lawsuit in Texas district court, adding the two additional Texas defendants that should have been in the litigation all along, before the applicable statute of limitations runs for the breach of contract cause of action";

- Quik Tech "seeks dismissal of this federal action in order to preserve Plaintiff's available rights to seek recovery from all available defendants,

and Plaintiff is currently prevented from doing so in this federal action because the deadline to amend the pleadings and add parties was nearly a full year ago, on January 13, 2025, approximately 5 months before Plaintiff's current counsel was brought into this case";

- Quik Tech "intends to refile this case in Dallas County District Court and add the following Texas defendants: 1. Roy P. Edwards …. 2. Bryan David French";

- "[t]he four-year statute of limitations for Plaintiff's breach of contract claims will run in a matter of days, as Plaintiff believes the accrual of the breach of contract occurred with the failure to properly file Plaintiff's 4th Quarter 2021 taxes that were due in mid-January 2022"; and

- "[p]revious counsel for Plaintiff failed to name Mr. Edwards and Mr. French as defendants when this case was originally filed in Texas district court, and continued to fail to do so while the pleadings could be amended in this case before the January 13, 2024 deadline to amend the pleadings or add parties"; and

- "[t]he failure to do so has placed Plaintiff in the current position of needing to file the state court claims immediately to preserve these claims."

Dkt. No. 57 at 2-3.

The Court denied Quik Tech's Rule 41(a)(2) Motion to Dismiss. *See* Dkt. No. 60. In doing so, the Court explained that, "[w]hile Quik Tech's request would carve

out certain sanctions-related issues from dismissal, Doc. 57, Mot., 1, Quik Tech does not address the possibility that its most recent noncompliance with court orders could result in litigation-ending sanctions" and that, "[s]pecifically, Judge Horan's Memorandum Opinion and Order, entered in December 2025, ordered Quik Tech to serve certain discovery responses on H&R Block, and further ordered that if Quik Tech failed to serve those responses by Juge Horan's imposed deadline's, Quik Tech must file status reports explaining why it should not be subject to 'litigation-ending or other sanctions.'" Dkt. No. 60 at 2 (quoting Dkt. No. 52 at 13).

The Court noted that "[t]hose imposed deadlines have since passed, and Quik Tech has not served the requisite discovery responses nor filed any status reports indicating why it should not be subject to further, potentially litigation-ending, sanctions." Dkt. No. 60 at 2 (citing Dkt. No. 56 at 1-2).

And the Court explained that "Quik Tech's request for dismissal without prejudice would result in plain legal prejudice to H&R Block, and suggests a bad faith attempt by Quik Tech to avoid potential dismissal with prejudice as a result of its repeated failures to comply with court orders" and that, "[w]ere the Court to grant Quik Tech's requested relief, the Court would relieve Quik Tech of the threat of litigation-ending sanctions despite Quik Tech entirely disregarding prior court orders and failing to explain why it should not be subject to those sanctions." *Id.*

On January 9, 2026, H&R Block filed a second Notice of Plaintiff Quik Tech's Non-Compliance with Court Memorandum Opinion and Order Setting Deadline to Serve Discovery Responses [ECF 52], *see* Dkt. No. 61, reporting that Quik Tech "has

failed to comply with [the Court's December 16, 2025 Memorandum Opinion and Order] by serving on H&R Block (a) any responses to H&R Block's First Request for Production of Documents and electronically stored information or (b) any answers to all interrogatories in H&R Block's First Set of Interrogatories to Quik Tech, LLC"; that Quik Tech "has failed to comply with [the Court's December 16, 2025 Memorandum Opinion and Order] to file a status report by January 8, 2026, explaining why it and its counsel should not be subject to any litigation-ending or other sanctions under F.R.C.P. 37(b)"; and that, "[a]s of the date of this filing, counsel for H&R Block has not received any responses to H&R Block's Discovery Requests and has not received any communications from Plaintiff regarding [the Court's December 16, 2025 Memorandum Opinion and Order] or Plaintiff's required status report [ECF 52]." Dkt. No. 61 at 2.

Senior United States District Judge Jane J. Boyle then referred H&R Block's two Notices of Plaintiff's Non-Compliance [Dkt. Nos. 56 & 61] to the undersigned United States Magistrate Judge for hearing, if necessary, and recommendation or determination under 28 U.S.C. § 636(b). *See* Dkt. No. 62.

The undersigned then, on January 20, 2026, entered an Order to Show Cause, directing Plaintiff Quik Tech, LLC to, by Wednesday, February 4, 2026, file a response to that order and show cause why the Court should not, at this point, impose litigation-ending or other sanctions on Plaintiff Quik Tech, LLC and its counsel under Federal Rules of Civil Procedure 37(b)(2) and 41(b) for Plaintiff Quik Tech, LLC's repeated failures to comply with the requirements imposed by the Court's December 16, 2025

Memorandum Opinion and Order [Dkt. No. 52] – including the requirements to comply with its discovery obligations in response to H&R Block's First Set of Interrogatories to Quik Tech, LLC and First Requests for Production of Documents that the Court has previously imposed through its September 24, 2025 Electronic Order [Dkt. No. 31].

Quik Tech did not do so, as the docket reflects and as reported in Defendant H&R Block Enterprises LLC's Notice of Plaintiff QuikTech's Non-Compliance with Order to Shaw Cause [ECF 63]. *See* Dkt. No. 72.

But H&R Block, two days before Quik Tech's February 4, 2026 response deadline, filed a Motion for Injunction or, in the Alternative, for an Order Directing Quik Tech, LLC to Immediately Dismiss the State Court Action. *See* Dkt. No. 65. That motion is not yet ripe for decision, and the Court will separately address it as necessary.

But the Court notes that H&R Block reports that Quik Tech, LLC on January 20, 2026 filed in a Dallas County, Texas state court a lawsuit styled *Quik Tech, LLC v. LEC Management, Inc., et al.,* Cause No. DC-26-01067 (134th Judicial District Court, Dallas County, Texas), in which Quik Tech (according to H&R Block) "asserts substantially identical claims against H&R Block arising from the same facts and transactions at issue in this federal action." Dkt. No. 65 at 1. And the original petition filed in that action (and attached as an exhibit to H&R Block's Motion for Injunction) reflects that Quik Tech is represented by the same counsel, D. Shawn Stevens, as in this case and has named as defendants LEC Management, Inc., David Bryan French, and H&R Block Enterprises, LLC. *See* Dkt. No. 65-1.

**Legal Standards**

Although H&R Block has not filed another sanctions motion under Federal Rule of Civil Procedure 37, Federal Rule of Civil Procedure 37(b)(2)(A) does not require a motion for the Court to impose sanctions. *See* FED. R. CIV. P. 37(b)(2)(A).

Federal Rule of Civil Procedure 37(b)(2)(A) provides that, "[i]f a party ... fails to obey an order to provide or permit discovery, ... the court where the action is pending may issue further just orders. They may include the following:

(i)     directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
(ii)    prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
(iii)   striking pleadings in whole or in part;
(iv)    staying further proceedings until the order is obeyed;
(v)     dismissing the action or proceeding in whole or in part;
(vi)    rendering a default judgment against the disobedient party; or
(vii)   treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

FED. R. CIV. P. 37(b)(2)(A)(i)-(vii).

Rule 37(b)(2)(C) further requires that, "[i]nstead of or in addition to the orders [described under Rule 37(b)(2)(A)], the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." FED. R. CIV. P. 37(b)(2)(C).

"A party's discovery conduct is found to be 'substantially justified' under Rule 37 if it is a response to a 'genuine dispute, or if reasonable people could differ as to the

appropriateness of the contested action.'" *S.E.C. v. Kiselak Capital Grp., LLC*, No. 4:09-cv-256-A, 2012 WL 369450, at *5 (N.D. Tex. Feb. 3, 2012) (quoting *Devaney v. Continental Am. Ins. Co.*, 989 F.2d 1154, 1163 (11th Cir. 1993) (in turn quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988))). "The burden rests on the party who failed to comply with the order to show that an award of attorney's fees would be unjust or that the opposing party's position was substantially justified." *Id.* at *3 (cleaned up).

Rule 37(b) "is designed to empower the court to compel production of evidence by the imposition of reasonable sanctions." *Dorsey v. Acad. Moving & Storage, Inc.*, 423 F.2d 858, 860 (5th Cir. 1970). "Sanctions under Rule 37 serve the dual function of reimbursing the moving party and deterring the violator of the discovery orders (as well as other potential violators)." *Day v. Allstate Ins. Co.*, 788 F.2d 1110, 1114 (5th Cir. 1986).

Rule 37(b)(2) "empowers the courts to impose sanctions for failures to obey discovery orders. In addition to a broad range of sanctions, including contempt, [Rule] 37(b)(2) authorizes the court to impose a concurrent sanction of reasonable expenses, including attorney's fees, caused by the failure to obey a discovery order." *Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.*, 685 F.3d 486, 488 (5th Cir. 2012) (cleaned up); *see also Chilcutt v. United States*, 4 F.3d 1313, 1322 n.23 (5th Cir. 1993) ("Rule 37(b) clearly indicates that district courts have authority to grant a broad spectrum of sanctions.").

"The district court has broad discretion under Rule 37(b) to fashion remedies suited to the misconduct." *Smith*, 685 F.3d at 488 (cleaned up). "This discretion,

-11-

however, is limited" based on the type of sanctions imposed. *Id.*

The United States Court of Appeals for the Fifth Circuit has explained that its "caselaw imposes a heighted standard for litigation-ending sanctions (sometimes called 'death penalty' sanctions). For a lesser sanction, we broadly require the district court to determine the sanctions are 'just' and 'related to the particular 'claim' which was at issue in the order to provide discovery.'" *Law Funder, L.L.C. v. Munoz*, 924 F.3d 753, 758 (5th Cir. 2019) (cleaned up).

The sanction imposed should be the least severe sanction adequate to achieve the proper functions of Rule 37(b)(2) under the particular circumstances. *See Smith*, 685 F.3d at 488-90.

And the Fifth Circuit recently repeated its guidance that, "to levy a litigation-ending sanction for a discovery violation, the court must make four findings. *First*, the violation reflects bad faith or willfulness. *Second*, the client, not counsel, is responsible for the violation. *Third*, the violation substantially prejudiced the opposing party. *Fourth*, a lesser sanction would not substantially achieve the desired deterrent effect." *Vikas WSP, Ltd. v. Econ. Mud Prod. Co.*, 23 F.4th 442, 454 (5th Cir. 2022) (cleaned up); *accord Nissho-Iwai Am. Corp. v. Kline*, 845 F.2d 1300, 1304 (5th Cir. 1988) ("We have repeatedly emphasized that a dismissal with prejudice is a 'draconian' remedy, or a 'remedy of the last resort,' to be employed only when the failure to comply with the court's order results from wilfullness or bad faith rather than from an inability to comply. Nevertheless, deliberate, repeated refusals to obey discovery orders have been held to warrant the use of this ultimate sanction." (cleaned up)); *Batson v. Neal Spelce*

*Assocs., Inc.*, 765 F.2d 511, 514 (5th Cir. 1985) ("[D]ismissal is authorized only when the failure to comply with the court's order results from willfulness or bad faith, and not from the inability to comply.").

But "[l]esser sanctions do not require a finding of willfulness." *Smith*, 685 F.3d at 488. "Of course, the flagrancy of a party's behavior must be directly proportionate to the severity of the sanction imposed," but "the lack of willful, contumacious, or prolonged misconduct [does not] prohibit[] all sanctions." *Chilcutt*, 4 F.3d at 1322 n.23. Even where a party was "unable to comply with the discovery requests, the district court still ha[s] broad discretion to mete out a lesser sanction than dismissal." *Id.* (cleaned up).

That is because "the type of conduct displayed by a party had no bearing on whether sanctions should be imposed, but only on the type of sanctions imposed," and "[t]he willfulness or good faith of [a party], can hardly affect the fact of noncompliance and [is] relevant only to the path which the District Court might follow in dealing with [the party's] failure to comply." *Id.* (cleaned up).

Federal Rule of Civil Procedure Rule 41(b) "authorizes the district court to dismiss an action *sua sponte* for failure to prosecute or comply with [a Federal Rule of Civil Procedure or] a court order." *Griggs v. S.G.E. Mgmt., L.L.C.*, 905 F.3d 835, 844 (5th Cir. 2018); *accord Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 440 (5th Cir. 2016) (failure to comply with a court order); *Rosin v. Thaler*, 450 F. App'x 383, 383-84 (5th Cir. 2011) (per curiam) (failure to prosecute); *see also Campbell v. Wilkinson*, 988 F.3d 798, 800-01 (5th Cir. 2021) (holding that the text of Rule 41(b)

-13-

does not extend to a failure to comply with a court's local rule insofar as that violation does not also qualify as a failure to prosecute (discussing *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188 (5th Cir. 1992))).

This authority "flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985); *see also Lopez v. Ark. Cnty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978) ("Although [Rule 41(b)] is phrased in terms of dismissal on the motion of the defendant, it is clear that the power is inherent in the court and may be exercised sua sponte whenever necessary to achieve the orderly and expeditious disposition of cases." (cleaned up)); *Campbell*, 988 F.3d at 800 ("It is well established that Rule 41(b) permits dismissal not only on motion of the defendant, but also on the court's own motion.").

And the Court's authority under Rule 41(b) is not diluted by a party proceeding *pro se*, as "[t]he right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law." *Wright v. LBA Hospitality*, 754 F. App'x 298, 300 (5th Cir. 2019) (per curiam) (cleaned up).

A Rule 41(b) dismissal may be with or without prejudice. *See Long v. Simmons*, 77 F.3d 878, 879-80 (5th Cir. 1996).

> Although [l]esser sanctions such as fines or dismissal without prejudice are usually appropriate before dismissing with prejudice, ... a Rule 41(b) dismissal [with prejudice] is appropriate where there is a clear record of delay or contumacious conduct by the plaintiff and when lesser sanctions would not serve the best interests of justice.

*Nottingham*, 837 F.3d at 441 (cleaned up); *see also Long*, 77 F.3d at 880 (a dismissal

with prejudice is appropriate only if the failure to comply with the court order was the result of purposeful delay or contumacious conduct and the imposition of lesser sanctions would be futile); *cf. Nottingham*, 837 F.3d at 442 (noting that "lesser sanctions" may "'include assessments of fines, costs, or damages against the plaintiff, conditional dismissal, dismissal without prejudice, and explicit warnings'" (quoting *Thrasher v. City of Amarillo*, 709 F.3d 509, 514 (5th Cir. 2013))).

"When a dismissal is without prejudice but 'the applicable statute of limitations probably bars future litigation,'" that dismissal operates as – that is, it is reviewed as – "a dismissal with prejudice." *Griggs*, 905 F.3d at 844 (quoting *Nottingham*, 837 F.3d at 441); *see, e.g., Wright*, 754 F. App'x at 300 (affirming dismissal under Rule 41(b) – potentially effectively with prejudice – where "[t]he district court had warned Wright of the consequences and 'allowed [her] a second chance at obtaining service'" but she "disregarded that clear and reasonable order").

### Analysis

The Court, in its December 16, 2025 Memorandum Opinion and Order, ordered Plaintiff Quik Tech, LLC to, "by Wednesday, December 23, 2025, serve on H&R Block's counsel complete responses (without objections) to all of the requests for production in H&R Block's First Requests for Production of Documents and produce all unproduced documents and electronically stored information that are responsive to the requests and that are in Quik Tech's possession, custody, or control, in compliance with Federal Rule of Civil Procedure 34(b)'s requirements." Dkt. No. 52 at 13.

Quik Tech reportedly has not done so. *See* Dkt. No. 61 at 1-2.

The Court, in its December 16, 2025 Memorandum Opinion and Order, also ordered Plaintiff Quik Tech, LLC to, "by Wednesday, December 23, 2025, serve on H&R Block's counsel complete answers (without objections) to all interrogatories in H&R Block's First Set of Interrogatories to Quik Tech, LLC, in compliance with Federal Rule of Civil Procedure 33's requirements." Dkt. No. 52 at 13.

Quik Tech reportedly has not done so. *See* Dkt. No. 61 at 1-2.

And Quik Tech's failure to comply with these first two obligations that the Court's December 16, 2025 Memorandum Opinion and Order ordered comes after the Court found that "Quik Tech violated the Court's September 24, 2025 Electronic Order [Dkt. No. 31]," in which the "Court ordered Plaintiff Quik Tech, LLC to, by Thursday, October 2, 2025, serve on H&R Block's counsel complete responses (without objections) to all of the requests for production in H&R Block's First Requests for Production of Documents and produce all unproduced documents and electronically stored information that are responsive to the requests and that are in Quik Tech's possession, custody, or control, in compliance with Federal Rule of Civil Procedure 34(b)'s requirements" and "also ordered Quik Tech to, by Thursday, October 2, 2025, serve on H&R Block's counsel complete answers (without objections) to all interrogatories in H&R Block's First Set of Interrogatories to Quik Tech, LLC, in compliance with Federal Rule of Civil Procedure 33's requirements." Dkt. No. 52 at 9-11 (citing Dkt. No. 31).

The Court, in its December 16, 2025 Memorandum Opinion and Order, also ordered that, "if Plaintiff Quik Tech, LLC fails to fully comply with these first two

obligations (to fully respond to the discovery requests) by Wednesday, December 23, 2025, it must, by Thursday, December 24, 2025, file a status report explaining why it and its counsel should not be subject to any litigation-ending or other sanctions under Federal Rule of Civil Procedure 37(b)." Dkt. No. 52 at 13.

Quik Tech still has not done so.

The Court, in its December 16, 2025 Memorandum Opinion and Order, also ordered that, "if Plaintiff Quik Tech, LLC fails to fully comply with the first two obligations (to fully respond to the discovery requests) by Wednesday, January 7, 2026, it must, by Thursday, January 8, 2025, file a second status report again explaining why, at that point, it and its counsel should not be subject to any litigation-ending or other sanctions under Federal Rule of Civil Procedure 37(b)." Dkt. No. 52 at 13.

The Court regrets the typographical error, but the December 16, 2025 Memorandum Opinion and Order clearly intended to impose a future-looking deadline of January 8, 2026. And Quik Tech still has not filed any status report in response to the Court's December 16, 2025 Memorandum Opinion and Order.

And neither has Quik Tech filed a response to the Order to Show Cause – although, through its counsel of record in this case, Quik Tech apparently has filed a state court lawsuit against H&R Block and others, as it previewed in its now-denied Rule 41(a)(2) Motion to Dismiss.

In sum, Quik Tech has, since October 2, 2025 (over four months ago), violated the Court's discovery-related and other orders in at least seven ways: failing to comply

with the two discovery requirements in the September 24, 2025 Electronic Order; failing to comply with the two discovery requirements and the two status report requirements in the Court's December 16, 2025 Memorandum Opinion and Order; and failing to comply with the January 20, 2026 Order to Show Cause.

The Court previously found that "[t]he record evidence here supports a finding that Quik Tech itself – through its principal – knew about its obligations to answer H&R Block's discovery requests and produce responsive documents" but that "the record does not support a finding that Quik Tech, rather than its outside counsel, is responsible for the ongoing violations." Dkt. No. 52 at 11. The Court explained that "[a]sserting that, being the party to the lawsuit and the client of one's attorney entails being deemed bound by the acts of the party's lawyer-agent is not the same as showing – as the Fifth Circuit requires in this Rule 37(b)(2)(A) context – that the client, not counsel, is responsible for the violation of the discovery order." *Id.* at 11-12.

But the Court also found that "Quik Tech's and its attorneys' arguments against sanctions fail to persuade," where "[t]hose assertions and excuses amount, in short, to documenting the revolving cast of contract attorneys at Quik Tech's outside counsel's firm who worked on this case; complaining of alleged mistakes by Quik Tech's former attorneys; arguing that H&R Block's alleged conduct that gives rise to Quik Tech's claims caused or at least contributed to Quik Tech's ongoing failure to comply with Quik Tech's obligations to respond to discovery that H&R Block seeks to defend against those claims; and asserting Quik Tech is a small company whose principals could not timely compile the requested discovery materials and responsive documents,

-18-

particularly after the Court ordered that Quik Tech must fully respond to all the requests without objections." *Id.* at 12. The Court found that "[n]one of those arguments or assertions immunizes Quik Tech from appropriate sanctions for its ongoing failure to comply with the Court's discovery order." *Id.*

And now Quik Tech itself – with notice of the Court's December 16, 2025 Memorandum Opinion and Order's requirements and findings on Quik Tech's violations of the Court's December 16, 2025 Memorandum Opinion and Order – has continued to delay discovery and ignore or disregard its court-ordered obligations, seeking instead (unsuccessfully) to dismiss its case without prejudice rather than comply with its ongoing obligations under the Court's December 16, 2025 Memorandum Opinion and Order.

And those requirements included requiring that – if Quik Tech continued to fail to comply with its court-ordered discovery obligations – Quik Tech must file a report explaining why, at that point, it and its counsel should not be subject to any litigation-ending or other sanctions under Federal Rule of Civil Procedure 37(b). And Quik Tech has not even done that.

The Court's December 16, 2025 Memorandum Opinion and Order also explained that, under Federal Rule of Civil Procedure 37(b)(2)(C), the Court is requiring Quik Tech itself (and not its counsel) to pay H&R Block's reasonable expenses and attorneys' fees incurred in having its attorneys draft and file its Motion for Sanctions Pursuant to Rule 37(b)(2)(A) for Failure to Comply with Court Order [Dkt. No. 38] and reply [Dkt. No. 44] and exhibits or appendices in support.

-19-

The Court explained that doing so "appropriately imposes this burden on – and properly incentivizes future compliance by – the party itself in this instance, particularly where its principal testified on October 3, 2025 to being aware of Quik Tech's discovery obligations." Dkt. No. 52 at 13-14.

As matters currently stand – rather than respond to the Court's order to show cause why the Court should not impose litigation-ending or other sanctions on Quik Tech and its counsel under Rules 37(b)(2) and 41(b) – Quik Tech is apparently attempting to abandon this federal case altogether in favor of its newly filed state court action, after unsuccessfully asking the Court to allow it to dismiss this action without prejudice.

In the Rule 37(b)(2) context, although a litigation-ending sanction for a discovery violation is subject to a heightened standard, "deliberate, repeated refusals to obey discovery orders have been held to warrant the use of this ultimate sanction," *Nissho-Iwai*, 845 F.2d at 1304 (cleaned up), and dismissal with prejudice under Rule 37(b)(2) is authorized "when the failure to comply with the court's order results from willfulness or bad faith," *Batson*, 765 F.2d at 514.

And the Fifth Circuit has explained that "discovery delays are serious, especially when they are part of a pattern," and that "[k]nowingly ignoring an obligation, especially multiple times, may alone be enough to find bad faith." *Calsep A/S v. Dabral*, 84 F.4th 304, 314 (5th Cir. 2023). And "noncompliance is doubly problematic when the lower court issues – like it did here – a warning." *Id.* (citing *Bell v. Texaco, Inc.*, 493 F. App'x 587, 593 (5th Cir. 2012) (holding that "Plaintiffs' repeated

-20-

failure to comply with discovery orders, even after being warned of the possibility of sanctions and personally instructed on how to comply, constituted willful noncompliance" justifying litigation-ending sanctions)).

Likewise, a Rule 41(b) dismissal with prejudice "is appropriate where there is a clear record of delay or contumacious conduct by the plaintiff and when lesser sanctions would not serve the best interests of justice." *Nottingham*, 837 F.3d at 441 (cleaned up). "Contumacious" conduct is "stubborn resistance to authority," *McNeal v. Papasan*, 842 F.2d 787, 792 (5th Cir. 1988) (cleaned up), or "a willful disobedience of a court order," *In re Deepwater Horizon*, 805 F. App'x 262, 265 (5th Cir. 2020) (cleaned up).

On this record and in the face of this authority, Plaintiff Quik Tech, LLC is properly subject to dismissal of its claims against H&R Block with prejudice under Rules 37(b)(2) and 41(b) for its willful disobedience of the Court's September 24, 2025 Electronic Order and December 16, 2025 Memorandum Opinion and Order and clear record of delay in complying with its discovery obligations.

Quik Tech's "repeated failure to comply with discovery orders, even after being warned of the possibility of sanctions," constitutes willful noncompliance and disobedience justifying litigation-ending sanctions under Rules 37(b)(2) and 41(b). *Bell*, 493 F. App'x at 593; *Nottingham*, 837 F.3d at 441.

Here, lesser sanctions – including dismissal without prejudice – would not serve the best interests of justice. The Court already granted lesser sanctions under Rule 37(b)(2), and Quik Tech's responded not by complying but by seeking to abandon the

case without prejudice – and then going dark in this case when that request for voluntary dismissal without prejudice was rejected precisely because Quik Tech should not be allowed to avoid possible litigation-ending sanctions.

And, as H&R Block persuasively explained in opposing Quik Tech's Rule 41(a)(2) motion to voluntarily dismiss without prejudice, imposing sanctions short of dismissing with prejudice would allow Quik Tech to "to escape and/or mitigate the consequences of its misconduct" and adverse rulings in this action that "has been pending for nineteen months, has proceeded through extensive discovery disputes, multiple motions, and was set for trial before being recently vacated due to Plaintiff's discovery violations." Dkt. No. 59 at 1-2, 8, 11. As H&R Block noted, "[i] plaintiffs could simply dismiss their cases without prejudice whenever they face sanctions for discovery violations, the discovery rules would be rendered meaningless. Defendants would have no effective recourse against discovery abuse because plaintiffs could always avoid sanctions by dismissing and refiling." *Id.* at 11-12.

There is no credible evidence that Quik Tech was unable to comply with its discovery obligations after all this time, and the Court's December 16, 2025 sanctions order put Quik Tech itself on notice that it would be held responsible for ongoing violations and tried to "properly incentive[ Quik Tech's] future compliance" – and, yet, Quik Tech did nothing to comply with the Court's orders. Dkt. No. 52 at 13-14.

And Quik Tech's discovery order violations have substantially prejudiced H&R Block, where it has been deprived of the materials that it seeks through discovery from a plaintiff that has been pursuing claims against H&R Block since 2024 and has now

been found to have waived its objections to H&R Block's discovery requests. *Accord* Dkt. No. 59 ("Plaintiff filed this action in Texas state court on May 28, 2024. H&R Block removed the case to this Court on June 25, 2024, and filed its Answer on August 1, 2024. Since that time, H&R Block has invested substantial time, effort, and expense litigating this matter, including extensive discovery efforts that Plaintiff has repeatedly obstructed.").

For all these reasons, the record at this point supports all four required findings for the Court to levy a litigation-ending Rule 37(b)(2) sanction and the related findings required for a Rule 41(b) dismissal with prejudice. *Accord Vikas*, 23 F.4th at 454; *Wright*, 754 F. App'x at 300; *Nottingham*, 837 F.3d at 441-42; *Long*, 77 F.3d at 880.

And Quik Tech's repeated violations of the Court's discovery-related and other orders – which themselves stem from Quik Tech's violations of its discovery obligations under the Federal Rules of Civil Procedure – result from wilfullness or bad faith and warrant litigation-ending sanctions. *Accord Calsep*, 84 F.4th at 314; *Deepwater Horizon*, 805 F. App'x at 265; *Nissho-Iwai*, 845 F.2d at 1304; *Batson*, 765 F.2d at 514.

### Recommendation

The Court should, under Federal Rules of Civil Procedure 37(b)(2) and 41(b), dismiss Plaintiff Quik Tech, LLC's claims against Defendant H&R Block Enterprises LLC with prejudice.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within

14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: February 10, 2026

_____

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE

-24-