IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| QUIKTECH, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:24-cv-1672-S-BN |
| | § | |
| H&R BLOCK ENTERPRISES LLC, | § | |
| | § | |
| Defendant. | § | |

## **MEMORANDUM OPINION AND ORDER**

Roquemore Skierski PLLC has filed a Motion for Leave to File Response to Attorney Fees Request. *See* Dkt. No. 74.

For the reasons explained below, the Court grants the Motion [Dkt. No. 74].

### **Background**

On February 3, 2026 Defendant H&R Block Enterprises LLC filed two applications for attorneys' fees. *See* Dkt. Nos. 70 & 71.

The applications were pursuant to two orders from this Court authorizing H&R Block to move for attorneys' fees if the parties could not reach an agreement as to the amount of expenses and fees to be awarded. *See* Dkt. Nos. 51 & 52.

The Court authorized H&R Block to obtain "reasonable expenses and attorneys' fees incurred in having its counsel prepare and file its Motion to Compel Discovery Responses and Request for Sanctions [Dkt. No. 24]." Dkt. No. 51. And it ordered "Plaintiff Quik Tech, LLC, Roquemore Skierski PLLC, and D. Shawn

Stevens, jointly and severally," to pay those fees. *Id.*

And, in a separate order, the Court granted in part H&R Block's Motion for Sanctions Pursuant to Rule 37(b)(2)(A) for Failure to Comply with Court Order [Dkt. No. 38]. *See* Dkt. No. 52. In doing so, the Court ordered that "Plaintiff Quik Tech, LLC must reimburse [H&R Block] for its reasonable expenses and attorneys' fees incurred in having its attorneys draft and file its Motion for Sanctions ... [Dkt. No. 38] and reply [Dkt. No. 44] and exhibits or appendices in support." *Id.* at 13.

In both orders, the Court ordered that H&R Block must file its applications by February 3, 2026; that Quik Tech must file any response to each application by February 17, 2026; and that H&R Block must file any reply by March 3, 2026.

H&R Block filed its applications, in compliance with both orders, on February 3. *See* Dkt. Nos. 70 & 71.

On February 27, 2026 – ten days after Quik Tech's response deadline – Roquemore Skierski filed this Motion for Leave to File Response to Attorney Fees Request, seeking to untimely respond to H&R Block's first fee application [Dkt. No. 70]. *See* Dkt. No. 74.

H&R Block responded, *see* Dkt. No. 75, and Roquemore Skierski replied, *see* Dkt. No. 78.

## Legal Standards and Analysis

Rule 6(b)(1)(B) requires a showing of "excusable neglect" to extend an expired deadline.

And the determination as to excusable neglect

-2-

> is at bottom an equitable one, taking account all of the relevant circumstances surrounding the party's omission. These include the danger of prejudice, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.

*Stotter v. Univ. of Tex. at San Antonio*, 508 F.3d 812, 820 (5th Cir. 2007) (cleaned up; quoting *Midwest Employers Cas. Co. v. Williams*, 161 F.3d 877, 879 (5th Cir. 1998) (quoting, in turn, *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993))).

"Excusable neglect is intended and has proven to be quite elastic in its application." *Mattress Giant Corp. v. Motor Adver. & Design Inc.*, No. 3:07-cv-1728-D, 2008 WL 898772, at *2 (N.D. Tex. Mar. 31, 2008) (citation omitted).

But "[i]nadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect." *N.L.R.B. v. Tri-Cnty. Elec. Coop., Inc.*, No. 21-60887, 2023 WL 5040960, at *2 (5th Cir. Aug. 8, 2023) (per curiam) (quoting *Pioneer*, 507 U.S. at 392); see also *L.A. Pub. Ins. Adjusters, Inc. v. Nelson*, 17 F.4th 521, 525 (5th Cir. 2021) ("Our court has held that, in most cases, an attorney's simple misunderstanding of the Federal Rules 'weighs heavily against a finding of excusable neglect.'" (quoting *Williams*, 161 F.3d at 880)).

And, although the decision to grant relief under Rule 6(b)(1)(B) turns on the equities, where (1) such a motion is grounded solely on counsel's inadvertence, a reason solely within the control of the movant, *see Nelson*, 17 F.4th at 525 ("[I]n determining whether a party's failure to meet a deadline was excusable, the proper

focus is upon whether the neglect of the party and their counsel was excusable." (cleaned up)), and (2) the length of the delay is multiple months, not a few days or even a week or two, the Court cannot find that the neglect is legally excusable, *cf. Williams v. Santander Consumer USA Holdings*, No. 3:21-cv-3176-D-BH, 2022 WL 3081765, at *3 (N.D. Tex. Aug. 2, 2022).

Here, Roquemore Skierski provides no explanation for its failure to respond to H&R Block's fee application by February 17, 2026, other than its contention that the February 17, 2026 response deadline was imposed on Quik Tech, not Roquemore Skierski.

But the Court's order held Quik Tech, Roquemore Skierski, and D. Shawn Stevens "jointly and severally" responsible for H&R Block's fees incurred by its Motion to Compel. *See* Dkt. No. 51.

And, so, the Court is not convinced that Roquemore Skierski's belief that it had no deadline to respond is excusable.

The Court is also unpersuaded that Roquemore Skierski's motion is a "protective filing," Dkt. No. 78 at 2, rather than exactly what it is titled – a "motion for leave to file [a] response," Dkt. No. 74 at 1 (caps omitted).

And, so, Roquemore Skierski has not met its burden to show excusable neglect in failing to meet the Court's deadline.

But, under Federal Rule of Civil Procedure 54(b), "the trial court is free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive

-4-

law." *Austin v. Kroger Texas, L.P.*, 864 F.3d 326, 336 (5th Cir. 2017) (cleaned up; citing FED. R. CIV. P. 54(b)).

And, so, although Roquemore Skierski has not met its burden, the Court will determine whether its request should be granted based on the equities.

First, Roquemore Skierski filed its Motion only ten days after its response deadline, which weighs in favor of extending the response deadline. *See Santander*, 2022 WL 3081765, at *3.

Second, the Court has dismissed Quik Tech's claims with prejudice and closed this case. The case remains active for only the limited purpose of resolving the pending motions for attorneys' fees [Dkt. Nos. 70 & 71] and – possibly – the motion for injunction [Dkt. No. 65]. *See* Dkt. No. 79. Any pretrial deadlines or trial dates are no longer pending.

And, so, a minor extension on the fee application briefing will have little to no impact on the judicial proceedings in this case or unduly prejudice H&R Block.

Third, the Court is not convinced that a ten-day delay shows bad faith.

And that Roquemore Skierski did not confer with H&R Block on its Motion, as required by Local Civil Rule 7.1, is not a sufficient reason to deny the motion. *See* Dkt. No. 75 at 5 (citing N.D. TEX. L. CIV. R. 7.1(a)).

H&R Block responded to Roquemore Skierski's Motion just one business day after it was filed, *see* Dkt. No. 75, and Roquemore Skierski has already replied, *see* Dkt. No. 78. Denying the Motion without prejudice now for this procedural defect and

requiring Roquemore Skierski to refile its motion would restart briefing and cause further delay in resolving the fee applications. Avoiding delay is the very basis on which H&R Block bases its opposition. And, in the absence of unique circumstances, the Court sees no reason to deny a motion with prejudice for a repairable procedural defect.

And Roquemore Skierski and counsel for H&R Block have already conferred about H&R Block's requested attorneys' fees, albeit not for this Motion. *See* Dkt. No. 74 at 2. And, so, another conference is unlikely to resolve the parties' dispute over the fees amount. *See In re Subpoena Served on Affiliated Foods, Inc.*, No. 2:21-mc-3-Z, 2021 WL 4439796, at *2 (N.D. Tex. Sept. 28, 2021) ("Local rules are important, and a court can deny a motion based on failure to comply with local rules. However, the failure to file a certificate of conference presents no basis to deny the motion where, as here, it is clear that the motion is opposed and that a conference would neither have eliminated not narrowed the parties' dispute." (cleaned up)).

And, fourth, Roquemore Skierski's proposed response purports to "address[ ] substantial disputes regarding which time entries fall within the Court's defined compensable scope." Dkt. No. 74 at 2. The Court prefers to rule on the fee application with the benefit of a response that addresses alleged discrepancies in H&R Block's reported attorneys' fees.

And, so, considering the relevant filings and circumstances, and pursuant to its authority under Rule 54(b), the Court finds that Roquemore Skierski should be permitted to respond to H&R Block's fee application.

## Conclusion

The Court GRANTS Roquemore Skierski PLLC's Motion for Leave to File Response to Attorney Fees Request [Dkt. No. 74].

Roquemore Skierski must file a response to Defendant H&R Block Enterprises LLC's Application for Attorneys' Fees [Dkt. No. 70] by **Wednesday, March 18, 2026**. H&R Block must file any reply by **Wednesday, April 1, 2026**.

This Order does not affect the deadlines in the Court's order granting H&R Block's motion for sanctions and authorizing it to obtain fees from Plaintiff Quik Tech LLC [Dkt. No. 52].

SO ORDERED.

DATED: March 11, 2026

_____

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE