IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

QUIKTECH, LLC,                              §
                                           §
        Plaintiff,                         §
                                           §
V.                                         §        No. 3:24-cv-1672-S-BN
                                           §
H&R BLOCK ENTERPRISES LLC,                 §
                                           §
        Defendant.                         §

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

**Background**

On February 2, 2026, Defendant H&R Block Enterprises LLC filed a Motion for

Injunction or, in the Alternative, for an Order Directing Quik Tech, LLC to

Immediately Dismiss the State Court Action. *See* Dkt. No. 65.

The motion reports that Quik Tech, LLC on January 20, 2026 filed in a Dallas

County, Texas state court a lawsuit styled *Quik Tech, LLC v. LEC Management, Inc.,

et al.*, Cause No. DC-26-01067, in the 134th Judicial District Court, Dallas County,

Texas (the "State Court Action"), in which Quik Tech (according to H&R Block) asserts

substantially identical claims against H&R Block arising from the same facts and

transactions at issue in this federal action. *See* Dkt. No. 65 at 1.

H&R Block's motion asks the Court to "enjoin [Quik Tech] from proceeding with

[this] duplicative state court lawsuit that Quik Tech filed in Dallas County, Texas"

and argues that "Quik Tech's conduct constitutes a transparent attempt to circumvent

this Court's jurisdiction and evade the consequences of its flagrant discovery violations" and that "[t]he duplicative state court action undermines federal jurisdiction, threatens inconsistent results, wastes judicial resources, and prejudices H&R Block, which has already invested substantial time and expense litigating this matter in federal court." *Id.* at 1-2.

H&R Block's motion asserts that "[a]n injunction is necessary to protect this Court's jurisdiction, prevent Quik Tech from forum shopping to avoid sanctions, and ensure that this dispute is resolved efficiently in a single forum." *Id.* at 2.

According to H&R Block, "[a]bsent an injunction, Quik Tech could continue to divest this Court of its removal jurisdiction by filing additional 'separate' state actions with respect to the same claims asserted in this case, effectively choosing to litigate piecemeal in multiple forums while avoiding federal court oversight and sanctions for repeated discovery obligations," and "allowing the duplicative state court action to proceed could lead to inconsistent, diverging, or even conflicting results on identical factual and legal issues." *Id.* at 10. H&R Block contends in the motion that it "could be required to defend the same claims in two forums simultaneously, potentially resulting in contradictory findings of fact, inconsistent applications of law, and duplicative discovery burdens." *Id.*

Since that motion's filing, United States District Judge Karen Gren Scholer has entered final judgment in this case, in which the Court ordered that "Plaintiff Quik Tech, LLC's claims against Defendant H&R Block Enterprises LLC are DISMISSED

WITH PREJUDICE under Federal Rules of Civil Procedure 37(b)(2) and 41(b)." Dkt. No. 77.

The Court retains jurisdiction to decide the pending applications for attorneys' fees, which were awarded before entry of final judgment and dismissal of Quik Tech's claims with prejudice. *See* Dkt. Nos. 70 & 71.

But, as the undersigned explained in a March 10, 2026 Electronic Order Requiring Status Report on Motion for Injunction, the Court questioned "whether H&R Block still intends to pursue its [] Motion for Injunction or, in the Alternative, for an Order Directing Quik Tech, LLC to Immediately Dismiss the State Court Action" and, so, directed H&R Block to, by Monday, March 23, 2026, file a status report in light of the entry of final judgment and dismissal with prejudice of Quik Tech's clams against H&R Block in this federal case." Dkt. No. 79.

H&R Block filed its Status Report on Motion for Injunction [ECF 79] and explained that it "continues to pursue its Motion for Injunction and requests that the Court rule on the pending motion" and that, "[a]lthough this Court has entered final judgment dismissing Plaintiff Quik Tech, LLC's [] claims against H&R Block with prejudice under Federal Rules of Civil Procedure 37(b)(2) and 41(b) (Dkt. 77), the duplicative state court action filed by Quik Tech in Dallas County, Texas remains pending and continues to prejudice H&R Block." Dkt. No. 82 at 1.

H&R Block asserts that

- Quik Tech's state court action "asserts substantially identical claims

against H&R Block arising from the exact same factual allegations as the federal action that has now been dismissed with prejudice";

- "[t]he only differences between the State Court Action and this federal action are that Quik Tech added two additional defendants – LEC Management, Inc. and David Bryan French (individually) – both of whom are Texas residents whose joinder defeats diversity jurisdiction and prevents removal of the State Court Action to federal court";

- "[w]hile this Court has dismissed Quik Tech's federal claims with prejudice, that dismissal does not eliminate the need for the requested injunctive relief";

- "although this Court's dismissal with prejudice has res judicata effect barring Quik Tech from relitigating the same claims against H&R Block, Quik Tech has strategically structured the State Court Action to create arguments against the application of res judicata: [1]] Quik Tech added two non-diverse defendants (LEC Management, Inc. and David Bryan French individually) who were not parties to the federal action; [2]] Quik Tech may argue that the State Court Action involves 'different parties' and thus res judicata does not apply; [and 3]] Quik Tech may argue that the federal dismissal was based on discovery sanctions rather than a merits determination, potentially creating arguments against claim preclusion";

- "H&R Block will be forced to litigate these res judicata issues in state court – incurring substantial additional expense and delay – unless this Court enjoins the duplicative State Court Action";

- "allowing Quik Tech to proceed with the State Court Action would directly undermine this Court's judgment dismissing Quik Tech's claims with prejudice as a sanction for Quik Tech's repeated discovery violations and bad faith conduct," because, "[i]f Quik Tech is permitted to pursue the identical claims in state court after having those claims dismissed with prejudice in federal court as a sanction for discovery abuse, it would effectively nullify this Court's judgment and reward Quik Tech's bad faith conduct," and, so, "[a]n injunction is necessary to protect and effectuate this Court's judgment";

- H&R Block believes that "Quik Tech intends to continue pursuing the duplicative State Court Action in defiance of this Court's judgment";

- 28 U.S.C. § 1446(d) "constitutes an express authorization for federal courts to enjoin duplicative state court proceedings filed to subvert federal removal jurisdiction," and "that this federal action has now concluded does not eliminate the authority to enjoin the State Court Action," where "Quik Tech filed the State Court Action while this federal case was still pending and actively litigated, with the express purpose of circumventing this Court's jurisdiction and evading sanctions for

-5-

discovery violations";

- "Quik Tech strategically added two non-diverse Texas defendants to the State Court Action to defeat diversity jurisdiction and prevent removal back to federal court";

- "the State Court Action continues to cause H&R Block substantial ongoing prejudice," where "H&R Block is required to defend the identical claims in state court that have already been litigated and dismissed with prejudice in this federal action"; and

- "the continued pendency of the State Court Action creates the risk of inconsistent determinations," where, "[w]hile this Court dismissed Quik Tech's claims with prejudice based on Quik Tech's egregious discovery violations and bad faith conduct, the state court will not have the benefit of the extensive record developed in this federal action regarding Quik Tech's repeated failures to comply with discovery obligations and court orders."

Dkt. No. 82 at 1-6.

H&R Block alternatively requests that, "if this Court declines to issue a formal injunction under the All Writs Act and Anti-Injunction Act, the Court should" "order Quik Tech to immediately dismiss H&R Block from the State Court Action with prejudice," where the "Court possesses inherent authority to direct parties to take actions necessary to prevent interference with the court's jurisdiction and orderly

administration of justice" by imposing "an appropriate sanction for conduct which abuses the judicial process" and as "necessary or warranted to control docket and maintain orderly administration of justice." Dkt. No. 65 at 12 (cleaned up); Dkt. No. 82 at 8.

And, "[i]n addition to requesting a ruling on the pending Motion for Injunction, H&R Block respectfully requests that the Court award H&R Block its reasonable attorneys' fees and costs incurred in preparing, filing, and pursuing the Motion for Injunction and impose a fine of $500.00 per day for each day that Quik Tech refuses to dismiss H&R Block from the State Court Action." Dkt. No. 82 at 6.

And H&R Block asserts that "Quik Tech's conduct in filing the duplicative State Court Action constitutes an independent basis for sanctions under this Court's inherent authority or under 28 U.S.C. § 1927, which authorizes courts to impose sanctions against attorneys who 'multipl[y] the proceedings in any case unreasonably and vexatiously.'" *Id.* at 7. According to H&R Block, "[t]he duplicative State Court Action has unreasonably multiplied these proceedings and warrants an award of fees and costs to H&R Block." *Id.*

### Legal Standards and Analysis

Even assuming – as H&R Block asserts – that 28 U.S.C. § 1446(d) would generally authorize the Court to enjoin, as appropriate, a duplicative state court proceedings filed to subvert federal removal jurisdiction, consistent with the Anti-Injunction Act, 28 U.S.C. § 2283, and that the Court's inherent powers and 28 U.S.C.

§ 1927 might permit sanctions, including attorneys' fees, as H&R Block additionally or alternatively requests, the Court should, in its discretion, deny H&R Block's motion and all of its requested relief.

This federal case is at an end and resulted in a final judgment of dismissal of Quik Tech's claims against Defendant H&R Block Enterprises LLC with prejudice. *See* Dkt. No. 77.

The Anti-Injunction Act cabins what the Court could now do by way of injunctive relief and, in the face of that statute's "absolute prohibition against enjoining state court proceedings" ("unless the injunction falls within one of [the] three specifically defined exceptions") and its animating policy concerns (and for the additional reasons explained below), the Court should decline H&R Block's invitations to employ its sanctions or contempt powers to achieve the same result. *Atl. Coast Line R. Co. v. Bhd. of Locomotive Eng'rs*, 398 U.S. 281, 286 (1970).

"Through the Anti-Injunction Act, 28 U.S.C. § 2283, the Congress imposed a general prohibition on the federal courts from interfering in state judicial proceedings." *J.R. Clearwater Inc. v. Ashland Chem. Co.*, 93 F.3d 176, 178 (5th Cir. 1996). "The Anti-Injunction Act generally bars federal courts from granting injunctions to stay proceedings in state courts," but "the Act includes three exceptions under which a federal court may enjoin state court proceedings in limited circumstances: 'A Court of the United States may not grant an injunction to stay proceedings in a State Court except as expressly authorized by Congress, or where

necessary in aid of its jurisdiction, or to protect or effectuate its judgments.'" *Blanchard 1986, Ltd. v. Park Plantation, LLC*, 553 F.3d 405, 407 (5th Cir. 2008) (quoting 28 U.S.C. § 2283).

"These exceptions are narrowly construed." *Next Level Commc'ns LP v. DSC Commc'ns Corp.*, 179 F.3d 244, 249 (5th Cir. 1999). "Any doubts as to the propriety of an injunction must be resolved in favor of allowing the state court action to go forward." *J.R. Clearwater*, 93 F.3d at 179.

And "an injunction, even where allowed by the letter of [one of the exceptions], remains permissive at the discretion of the federal court, which discretion should be exercised in the light of the historical reluctance of federal courts to interfere with state judicial proceedings." *Blanchard*, 553 F.3d at 407-08 (cleaned up).

The second, "in-aid-of-jurisdiction" exception does not warrant an injunction here where the Court has now entered its final judgment. This is not an instance in which "some federal injunctive relief may be necessary to prevent a state court from so interfering with a federal court's consideration or disposition of a case as to seriously impair the federal court's flexibility and authority to decide that case." *Atl. Coast*, 398 U.S. at 295.

H&R Block instead relies on the first, "expressly authorized" exception, and the United States Court of Appeals for the Fifth Circuit has held that the removal statute, 28 U.S.C. § "1446(d) has long been recognized as one of the statutory exceptions to § 2283." *Fulford v. Transp. Servs. Co.*, 412 F.3d 609, 612 (5th Cir. 2005) (cleaned up).

Section 1446(d) "states that once removal has taken place, 'the State court shall proceed no further unless and until the case is remanded.'" *Id.* (cleaned up).

"[O]nce a case is removed, the state court no longer enjoys concurrent jurisdiction over the dispute. The anti-injunction act, therefore, does not bar an injunction of a state court proceeding which purports to exercise jurisdiction over a removed case." *Matter of Meyerland Co.*, 910 F.2d 1257, 1263 (5th Cir. 1990), *on reh'g*, 960 F.2d 512 (5th Cir. 1992). And, "where a district court finds that a second suit filed in state court is an attempt to subvert the purposes of the removal statute, it is justified and authorized by § [1446(d)] in enjoining the proceedings in the state court." *Frith v. Blazon-Flexible Flyer, Inc.*, 512 F.2d 899, 901 (5th Cir. 1975).

But, although H&R Block argues otherwise, that this federal action has now concluded does eliminate any compelling reason for the Court to exercise any discretion it may have to enjoin the state court action.

The Court has entered a final judgment in this case, which – beyond some collateral attorneys' fees matters – is no longer pending or being adjudicated here. H&R Block can pursue whatever appropriate action it can in state court based on this Court's final judgment, but the state court action is not, at this point, subverting the purposes of the removal statute by proceeding with the already-removed action or even with an action that is pending simultaneously with this federal action.

Any so-called "race to res judicata" is over with the entry of final judgment here. And that judgment has whatever force it will have in state court under the rules that

the separate sovereign state court applies, and H&R Block can enforce that judgment and press the Texas state court for any relief that applicable res judicata and claim preclusion doctrines will afford it. *See generally Kelly Inv., Inc. v. Cont'l Common Corp.*, 315 F.3d 494, 499 (5th Cir. 2002) ("Should one court render judgment before the other, res judicata will ensure proper order.").

Even if the "expressly authorized" exception could apply where Quik Tech filed the state court action before the Court entered final judgment in this case – and even if, as H&R Block apparently fears, applicable res judicata and claim preclusion doctrines may not entitle it to dismissal of Quik Tech's claims against it in state court – the Court should decline to take the extraordinary steps of enjoining the separate sovereign state court or deploying sanctions authority under its inherent powers or Section 1927 or (apparently, based on H&R Block's request for a daily fine) civil contempt authority to effectuate more than this Court's final judgment of dismissal with prejudice in this case would of its own force.

And the Court should decline H&R Block's requested relief regardless of the fact that Quik Tech has included two, non-diverse defendants in its state court action. Quik Tech did not sue those defendants in the removed action, and this Court was never asked to consider whether either was improperly joined, such that the case might've been properly removed despite their sharing Quik Tech's citizenship.

The Court need not adopt a rule "requiring a finding of [improper] joinder before it could conclude that a second lawsuit filed in state court was meant to subvert the

purposes of the removal statute" to nevertheless conclude that including those two defendants does not justify the Court exercising its discretion to now enjoin the state court action as filed against H&R Block, much less as against these two defendants whom Quik Tech has sued for the first time. *Fulford v. Transp. Servs. Co.*, 412 F.3d 609, 613 (5th Cir. 2005). And, if H&R Block believed the defendants were improperly joined (as the relevant standards in this context provide), it could have removed the state court action. *Cf. id.* at 614. But H&R Block has not done so and instead reports that the two new defendants' joinder defeats diversity jurisdiction and prevents removal of the newly-filed state court action to federal court.

H&R Block has not invoked the third, so-called "relitigation" exception, which applies to permit an injunction that is "necessary to protect or effectuate [the federal court's judgment[]." *Aptim Corp. v. McCall*, 888 F.3d 129, 143 (5th Cir. 2018) (cleaned up).

But, even if H&R Block had, the Court should not exercise its discretion to enjoin the state court action relying on that exception.

The relitigation "exception was designed to permit a federal court to prevent state litigation of an issue that previously was presented to and decided by the federal court." *Id.* (cleaned up). "A federal court that has entered a final judgment entitled to preclusive effect may, to protect or effectuate its judgment[], stay state-court proceedings when it is clear that the state court ruling that would interfere with the enforcement of the federal court's judgment is not preclusive and is not entitled to full

-12-

faith and credit." *Id.*

Put another way, "[t]his provision is sometimes called the 'relitigation exception' to the [Anti-Injunction Act] because it allows federal courts to stay state-court proceedings in order to prevent a party from relitigating in state court issues that have been decided by the federal court." *Hill v. Washburne*, 953 F.3d 296, 307-08 (5th Cir. 2020) (cleaned up). The "exception is designed to implement well-recognized concepts of claim and issue preclusion" and, in so doing, "authorizes an injunction to prevent state litigation of a claim or issue that previously was presented to and decided by the federal court." *Smith v. Bayer Corp.*, 564 U.S. 299, 306 (2011) (cleaned up).

But H&R Block does not point to anything other than the filing of the action and its belief that Quik Tech will continue pursuing it against H&R Block and the possibility that the state court may not apply res judicata or collateral estoppel doctrines to the full extent that H&R Block would like.

That is not enough where the Supreme Court has explained that, "in applying this exception, we have taken special care to keep it strict and narrow"; that, "[a]fter all, a court does not usually get to dictate to other courts the preclusion consequences of its own judgment," and "[d]eciding whether and how prior litigation has preclusive effect is usually the bailiwick of the second court"; and "issuing an injunction under the relitigation exception is resorting to heavy artillery," such that "every benefit of the doubt goes toward the state court," and "an injunction can issue only if preclusion

is clear beyond peradventure." *Id* at 306-07 (cleaned up).

And, so, even if the Court could properly choose to apply the relitigation exception here, that H&R Block may need to litigate in state court the extent to which res judicata and collateral estoppel doctrines apply to this Court's judgment of dismissal with prejudice as a discovery sanction does not, under the circumstances, warrant the Court exercising its discretion to enjoin Quik Tech's state court action against both H&R Block and two defendants who were never before this Court in this federal case. *Accord id.* at 318 ("The Act's relitigation exception authorizes injunctions only when a former federal adjudication clearly precludes a state court decision. As we said more than 40 years ago, and have consistently maintained since that time, '[a]ny doubts ... should be resolved in favor of permitting the state courts to proceed.' *Atlantic Coast Line*, 398 U.S., at 297, 90 S.Ct. 1739. Under this approach, close cases have easy answers: The federal court should not issue an injunction, and the state court should decide the preclusion question.").

And, for many of the same reasons explained above, the Court should decline to impose sanctions – including ordering Quik Tech to immediately dismiss H&R Block from the State Court Action with prejudice – under its inherent powers or Section 1927, as H&R Block additionally and alternatively requests. The Court should, in its discretion, deny H&R Block's requests for sanctions where, with the Court's final judgment entered on the basis of litigation-ending discovery sanctions, the pending state court action does not threaten this Court's judicial authority or proceedings or

reflect the persistent prosecution of a meritless claim. *See Ayala v. Enerco Grp., Inc.*, 569 F. App'x 241, 251 (5th Cir. 2014); *Positive Software Sols., Inc. v. New Century Mortg. Corp.*, 619 F.3d 458, 461 (5th Cir. 2010).

Finally, H&R Block points to no other authority on which the Court could properly rely to award H&R Block the attorneys' fees that it incurred in filing this motion for an injunction or sanctions – even assuming that awarding fees could be warranted where the motion's other requested relief is denied – or to "impose a fine of $500.00 per day for each day that Quik Tech refuses to dismiss H&R Block from the State Court Action." Dkt. No. 82 at 6; *see generally Martin v. Trinity Indus., Inc.*, 959 F.2d 45, 47 (5th Cir. 1992) (explaining that, to show that civil contempt is warranted, a moving party must establish "1) that a court order was in effect, 2) that the order required certain conduct by the respondent, and 3) that the respondent failed to comply with the court's order").

## Recommendation

The Court should deny Defendant H&R Block Enterprises LLC's Motion for Injunction or, in the Alternative, for an Order Directing Quik Tech, LLC to Immediately Dismiss the State Court Action [Dkt. No. 65].

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: April 2, 2026

_____

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE