IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| QUIK TECH, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:24-cv-1672-S-BN |
| | § | |
| H&R BLOCK ENTERPRISES LLC, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

Defendant H&R Block Enterprises LLC has filed two applications for attorneys' fees. *See* Dkt. Nos. 70 & 71.

For the reasons and to the extent set out below, the Court grants both applications [Dkt. Nos. 70 & 71] in part.

**Background**

The Court granted H&R Block's Motion to Compel Discovery Responses and Request for Sanctions [Dkt. No. 24] (the "Motion to Compel") and directed Plaintiff Quik Tech, LLC to serve complete responses to H&R Block's discovery requests by October 2, 2025. *See* Dkt. No. 31. In that order, the Court gave Quik Tech the opportunity to show why the Court should not, under Federal Rule of Civil Procedure 37(a)(5)(A), order Quik Tech to pay H&R Block's reasonable expenses and attorneys' fees incurred in having its counsel prepare and file its Motion to Compel. *See id*. Quik Tech and its counsel, Roquemore Skierski PLLC ("Roquemore"), each filed responses addressing whether fees under Rule 37(a)(5)(A) were warranted (the "Responses"). *See* Dkt. Nos. 42 & 43. And H&R Block filed a reply (the "Reply"). *See* Dkt. No. 44.

Quik Tech failed to respond to the discovery requests by the Court's deadline. So H&R Block filed a Motion for Sanctions Pursuant to Federal Rule of Civil Procedure 37(b)(2)(A) for Failure to Comply with Court Order (the "Motion for Sanctions"). *See* Dkt. No. 38.

The Court entered an order under Rule 37(a)(5)(A) directing Quik Tech, Roquemore, and D. Shawn Stevens, jointly and severally, to pay H&R Block's reasonable expenses and attorneys' fees incurred in having its counsel prepare and file its Motion to Compel. *See* Dkt. No. 51.

The Court separately granted the Motion for Sanctions and ordered, under Rule 37(b)(2)(C), that Quik Tech individually reimburse H&R Block for its reasonable expenses and attorneys' fees incurred in having its attorneys draft and file its Motion for Sanctions and Reply. *See* Dkt. No. 52 at 13.

H&R Block filed two applications for attorneys' fees on February 3, 2026. *See* Dkt. Nos. 70 & 71.

H&R Block's application for attorneys' fees pursuant to the Court's electronic order under Rule 37(a)(5)(A) (the "First Application") requests $10,702.50 for 31 hours of work incurred in preparing and filing its Motion to Compel, reviewing Roquemore's and Quik Tech's Responses, and preparing and filing its Reply. *See* Dkt. No. 70.

H&R Block's application for attorneys' fees pursuant to the Court's order under Rule 37(b)(2)(C) (the "Second Application") requests $16,595.50 for 48.4 hours of attorney and paralegal time caused by Quik Tech's failure to comply. *See* Dkt. No. 71.

On February 27, 2026 – ten days after Quik Tech's deadline to respond to the applications – Roquemore filed a motion for leave to respond to the First Application. *See* Dkt. No. 74. The Court granted the motion for leave, *see* Dkt. No. 80, Roquemore filed its response, *see* Dkt. No. 81, and H&R Block replied, *see* Dkt. No. 84.

Quik Tech did not respond to H&R Block's Second Application.

**Legal Standards**

Rule 37(a)(5)(A) requires the Court to order payment of the movant's reasonable expenses in making a motion to compel, including payment of attorneys' fees, when a motion to compel is granted. *See* FED. R. CIV. P. 37(a)(5)(A). Under Rule 37(a)(5)(A), "a party seeking attorneys' fees may only recover for time spent in preparing and prosecuting the actual discovery motion – that is, the 'reasonable expenses incurred in making the motion, including attorney's fees.'" *Liberty Ins. Underwriters Inc. v. First Mercury Ins. Co.*, No. 3:17-cv-3029-M, 2019 WL 7900687, at *5 (N.D. Tex. Mar. 11, 2019) (quoting FED. R. CIV. P. 37(a)(5)(A)).

And Rule 37(b)(2)(A) provides that, "[i]f a party … fails to obey an order to provide or permit discovery, … the court where the action is pending may issue further just orders." Rule 37(b)(2)(C) further requires that, "[i]nstead of or in addition to the orders [described under Rule 37(b)(2)(A)], the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." FED. R. CIV. P. 37(b)(2)(C).

As with any other fee application governed by federal law, "this Court uses the 'lodestar' method to calculate attorney's fees." *Castle Energy Grp. LLC v. Universal Ensco, Inc.*, No. 4:23-cv-4314, 2024 WL 5185698, at *1 (S.D. Tex. Nov. 19, 2024) (cleaned up; quoting *Heidtman v. Cnty. of El Paso*, 171 F.3d 1038, 1043 (5th Cir. 1999) (citing *Fender v. Zapata P'ship, Ltd.*, 12 F.3d 480, 487 (5th Cir. 1994)); *Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.*, 685 F.3d 486, 490-91 (5th Cir. 2012) (applying lodestar method to fees awarded for discovery abuse under Rule 37(b))); *United States v. Leebcor Servs., LLC*, No. 4:20-cv-179, 2022 WL 3337793, at *3 (E.D. Va. Apr. 1, 2022) ("An award of expenses must be reasonable. FED. R. CIV. P. 37(c)(1)(A). The court evaluates the reasonableness of attorney's fees by first determining the 'lodestar' amount, which is defined as a 'reasonable hourly rate multiplied by hours reasonably expended.'" (quoting *Grissom v. Mills Corp.*, 549 F.3d 313, 320 (4th Cir. 2008))).

"A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988) (citing *Blum v. Stenson*, 465 U.S. 886, 895-96 n.11 (1984)).

The relevant legal community is the community in which the district court sits. *See Tollett v. City of Kemah*, 285 F.3d 357, 368 (5th Cir. 2002).

And, while the reasonable hourly rate for a community is established through affidavits of other attorneys practicing there, *see id.*, the Court also may use its own expertise and judgment to make an appropriate independent assessment of the

hourly rates charged for the attorneys' services, *see, e.g.*, *Primrose Operating Co. v. Nat'l Am. Ins. Co.*, 382 F.3d 546, 562 (5th Cir. 2004).

The party seeking reimbursement of attorneys' fees bears the burden to "produce satisfactory evidence – in addition to the attorney's own affidavits – that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation," *Blum*, 465 U.S. at 896 n.11, as well as to establish the number of hours expended through the presentation of adequately recorded time records as evidence, *see Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993).

And movants seeking attorneys' fees are "charged with the burden of showing the reasonableness of the hours billed and, therefore, are also charged with proving that they exercised billing judgment," which "requires documentation of the hours charged and of the hours written off as unproductive, excessive, or redundant." *Saizan v. Delta Concrete Prods., Inc.*, 448 F.3d 795, 799 (5th Cir. 2006) (footnotes omitted).

The Court should use this reported time as a benchmark and then exclude any time that is excessive, duplicative, unnecessary, or inadequately documented. *See Watkins*, 7 F.3d at 457; *Hill v. Schilling*, No. 3:07-cv-2020-L, 2022 WL 17178739, at *4 (N.D. Tex. Nov. 22, 2022). The remaining hours are those reasonably expended. *See id.*

There is a strong presumption of the reasonableness of the lodestar amount. *See Perdue v. Kenny A.*, 559 U.S. 542, 552 (2010); *Saizan*, 448 F.3d at 800.

And, "[i]f a party does not object to particular billing entries as inadequately documented, the court is not obligated *sua sponte* to sift through fee records searching for vague entries or block billing. It is a common practice for courts to address only those potentially inadequate entries brought to the court's attention." *Hoffman v. L & M Arts*, No. 3:10-cv-953-D, 2015 WL 3999171, at *5 (N.D. Tex. July 1, 2015); *see also Wyndham Props. II, Ltd. v. Buca Tex. Rests., LP*, No. 4:22-cv-166-BP, 2023 WL 2392090, at *3 (N.D. Tex. Mar. 7, 2023) ("The term 'block billing' refers to the disfavored 'time-keeping method by which each lawyer and legal assistant enters the total daily time spent working on a case, rather than itemizing the time expended on specific tasks.'" (quoting *Hoffman*, 2015 WL 3999171, at *4 n.5 (quoting *Fralick v. Plumbers & Pipefitters Nat'l Pension Fund*, No. 3:09-cv-752-D, 2011 WL 487754, at *4 (N.D. Tex. Feb. 11, 2011)))).

And, so, the Court should not "eliminate wholesale the services of attorneys without identifying the particular services which are regarded as duplicative." *Tasby v. Estes*, 651 F.2d 287, 289-90 (5th Cir. Unit A July 1981) (internal quotation marks omitted).

But "[p]ercentage reductions are appropriate when attorneys impermissibly engage in block billing or fail to exercise billing judgment" – including by failing to write off time spent on work that was redundant and in hindsight may have been unnecessary – or "when a court reduces excessive time spent on particular legal services" or for particular services that are "duplicative." *Fralick*, 2011 WL 487754, at *13; *Shepherd v. Dallas Cnty., Tex.*, No. 3:05-cv-1442-D, 2009 WL 977294, at *2

n.3 (N.D. Tex. Apr. 10, 2009); *Cookston v. Freeman, Inc.*, No. 3:98-cv-2106-D, 1999 WL 714760, at *5 (N.D. Tex. Sept. 14, 1999).

After calculating the lodestar, the Court may either (1) accept the lodestar figure or (2) decrease or enhance it based on the circumstances of the case, taking into account what are referred to as the *Johnson* factors. *See La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324, 329 (5th Cir. 1995); *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974), *overruled on other grounds by Blanchard v. Bergeron*, 489 U.S. 87, 90 (1989).

Because the lodestar is presumed to be reasonable, it should be modified only in exceptional cases. *See Watkins*, 7 F.3d at 457.

And, in the end, the Court need only "provide a reasonably specific explanation for all aspects of a fee determination." *Portillo v. Cunningham*, 872 F.3d 728, 741 (5th Cir. 2017) (cleaned up).

So "rulings on fee awards need not 'be so excruciatingly explicit' that those decisions 'consume more paper than did the cases from which they arose.'" *Saldivar v. Austin Indep. Sch. Dist.*, 675 F. App'x 429, 432-33 (5th Cir. 2017) (per curiam) (quoting *In re High Sulfur Content Gasoline Prods. Liab. Litig.*, 517 F.3d 220, 228-29 (5th Cir. 2008)).

Instead, this Court's "analysis [must be] 'complete enough' for [the United States Court of Appeals for the Fifth Circuit] to review 'whether the [C]ourt has used proper factual criteria in exercising its discretion to fix just compensation.'" *Id.* (quoting *Brantley v. Surles*, 804 F.2d 321, 325-26 (5th Cir. 1986)).

## Analysis

### I. First Application Under Rule 37(a)(5)(A)

In its First Application, H&R Block seeks to recover $10,702.50 in fees for 31 hours expended to prepare and file its Motion to Compel and its Reply (26 hours for Attorney Stephan L. Skepnek at a rate of $330 per hour; 3.5 hours for Attorney Anthony J. Durone at $525 per hour; and 1.5 hours for Paralegal Rebekah Smith at $190 per hour). *See* Dkt. No. 70 at 6-7.

Starting with the reasonable-hourly-rate requirement, the Court finds that the hourly rates for the attorneys and paralegals who worked on this case are reasonable and within the market rate for attorneys and paralegals with their level of experience who handle this type of litigation in the Dallas Division of the Northern District of Texas. *See* Dkt. No. 70-1 at 1-9; *see also Primrose*, 382 F.3d at 562 ("[T]rial courts are considered experts as to the reasonableness of attorney's fees.");

Having determined one component of the lodestar – "the prevailing hourly rate in the community for similar work," *Combs v. City of Huntington*, 829 F.3d 388, 392 (5th Cir. 2016) – the Court turns to the "number of hours reasonably expended" component, *id.*

H&R Block's First Application is supported by attached billing records. *See* Dkt. No. 70-1 at 10-12. And the records are supported by narrative descriptions of the work done and the number of hours that it took to complete the work. *See id.*

Roquemore argues that the Court should limit recovery to fees necessary to "prepare and file" the motion and that entries for unnecessary post-filing matters are

outside the compensable scope of recovery. Dkt. No. 81 at 3. Roquemore contends that this reading aligns with Rule 37(a)(5)(A)'s focus on expenses "incurred in making the motion" and the Court's phrasing in its order [Dkt. No. 52]. *Id.*

Under Rule 37(a)(5)(A), attorneys' fees may include "time spent on additional briefing and any oral argument or hearing and can include '"fees on fees" for the time expended in filing a motion for attorneys' fees.'" *Liberty Ins. Underwriters*, 2019 WL 7900687, at *5 (quoting *Wysocki v. Dourian*, No. 2:17-cv-333-JAD-NJK, 2017 WL 4767145, at *2 (D. Nev. Oct. 20, 2017); citing *Schneider v. CitiMortgage, Inc.*, No. 13-4094-SAC, 2018 WL 3068172, at *3 (D. Kan. June 21, 2018)).

"It is within the district court's wide discretion to award or deny fees on fees, based on its evaluation of the merits of the underlying fee request." *DaSilva v. U.S. Citizenship & Immigr. Servs.*, 599 F. App'x 535, 543-44 (5th Cir. 2014) (citation omitted).

The Court's authorized H&R Block to move for fees "incurred in having its counsel prepare and file" the Motion to Compel. Dkt. No. 51. The Court also authorized H&R Block to move for fees as a sanction "incurred in having its counsel draft and file" the Motion for Sanctions and the Reply. Dkt. No. 52 at 14.

That language does not necessarily foreclose granting fees on fees under Rule 37(a)(5)(A). But, under these circumstances, the Court applies its discretion to deny fees on fees.

And, so, the First Application includes expenses that go beyond the scope of permissible recovery under Rule 37(a)(5)(A).

**A. H&R Block includes expenses relating to the Responses and Reply.**

The First Application includes expenses incurred to review Roquemore's and Quik Tech's Responses and H&R Block's Reply. *See* Dkt. No. 70-1 at 11-12.

But the Court authorized H&R Block to seek fees associated with the Reply as a sanction under Rule 37(b)(2)(C), *see* Dkt. No. 52 at 13, and stated that it would separately address any award under Rule 37(a)(5)(A), *see id.* at 4.

And, so, H&R Block misallocates fees relating to the Responses and Reply by including them in its First Application instead of its Second Application.

But, in any event, H&R Block's misallocation of fees across its applications does not impact its award, because the Court now holds that these fees fall outside the scope of the Court's orders.

The Responses and Reply were filed in response to the Court's order granting the Motion to Compel and ordering the parties to brief whether H&R Block was entitled to fees under Rule 37(a)(5)(A). *See* Dkt. No. 31. The Responses and Reply did not address sanctions under Rule 37(b)(2) and were not in response to the Motion for Sanctions. *See* Dkt. Nos. 42, 43, & 44.

And, so, the Court revises its order imposing sanctions under Rule 37(b)(2)(C) to include only the reasonable expenses and attorneys' fees H&R Block incurred to draft and file its Motion for Sanctions. *See Taylor v. Denka Performance Elastomer LLC*, Civ. A. No. 17-7668, 2018 WL 1010186, at *2 (E.D. La. Feb. 22, 2018) (Federal Rule of Civil Procedure 54(b) "authorizes the district court to 'revise[ ] at any time' 'any order or other decision ... that does not end the action.'") (quoting FED. R. CIV. P.

54(b); citing *Austin v. Kroger Tex., L.P.*, 864 F.3d 326, 336 (5th Cir. 2017)).

And the Court denies H&R Block's expenses and fees incurred in reviewing Roquemore's and Quik Tech's Responses and preparing and filing its Reply, regardless of which application addresses those fees.

From October 9 to October 23, 2025, H&R Block billed a total of 17.5 hours for tasks relating to the Responses, the Affidavit of Kelvin Roquemore [Dkt. No. 42-1], and the Reply. These entries now fall outside the scope of the Court's orders.

And, so, the Court denies $6,014.00 billed for these tasks.

**B. H&R Block includes expenses unnecessary for preparing and filing the motion.**

Rule 37(a)(5)(A) reaches only the reasonable expenses "incurred in making the motion." FED. R. CIV. P. 37(a)(5)(A); *see Liberty Ins. Underwriters*, 2019 WL 7900687, at *5. And, so, where the Court has declined to award fees on fees, only fees incurred in preparing and filing the motion should be included in the calculation. Expenses that H&R Block would have incurred without preparing or filing the motion fall outside that measure.

For example, on September 25, 2025, H&R Block billed 0.4 hours for, among other tasks, "emails with mediator." Dkt. No. 70-1 at 11. But the Court ordered mediation before H&R Block filed its Motion to Compel, *see* Dkt. No. 20, and the mediator would have received case status updates regardless of the parties' positions. Correspondence with a mediator is not an expense incurred in drafting a motion to compel.

And, because the Court has declined to permit fees on fees, Roquemore's

objections to post-filing status inquiries, hearing-setting research, review of the referral and subsequent orders, and fee-compilation time are sustained. These activities – such as checking the status of the Motion to Compel and reviewing the Court's order granting the Motion to Compel – are beyond the scope of the Court's order authorizing fees incurred in preparing and filing the motion. *See* Dkt. No. 51. And the Court has declined to award fees on fees.

And, so, the Court denies an additional $1,622.50 in fees for 4.8 hours of post-filing work. *See* Dkt. No. 70-1 at 11.

From July 11 to July 21, 2025, H&R Block billed 8.7 hours for preparing and filing the Motion to Compel for a total of $3,066. *See* Dkt. No. 70-1 at 10. Roquemore does not object to these entries. *See* Dkt. No. 81 at 6. And the Court awards H&R Block these fees.

In total, the Court reduces H&R Block's requested award by $7,636.50 for 22.3 hours of work and awards $3,066 for 8.7 hours of work under Rule 37(a)(5)(A).

## II. Second Application under Rule 37(b)(2)(C)

In its Second Application, H&R Block seeks to recover $16,595.50 in fees for 48.4 hours expended to prepare and file its Motion to Compel and its Reply (44 hours for Mr. Skepnek at a rate of $330 per hour; 3.7 hours for Mr. Durone at $525 per hour; and 0.7 hours for Ms. Smith at $190 per hour). *See* Dkt. No. 71 at 11.

The Court has already confirmed the reasonableness of these hourly rates, which are the same as those in the First Application. *Compare id. with* Dkt. No. 70 at 7.

The Court turns to the number of hours reasonably expended.

H&R Block's Second Application is supported by attached billing records, which, in turn, are supported by narrative descriptions of the work done and the number of hours that it took to complete the work. *See* Dkt. No. 71-1 at 11-12

After carefully reviewing the records, the Court finds that H&R Block's billing records are broader than "preparing and filing" the Motion for Sanctions, Dkt. No. 52 at 13, and include expenses outside the scope of permitted reimbursement, including discovery-related matters, other orders and motions, and entries already billed in its First Application.

First, H&R Block includes billing entries for 34.9 hours of work completed after the Motion for Sanctions was filed on October 6, 2025. *See* Dkt. No. 71-1 at 11-12; Dkt. No. 38. The Court has explained that it declines to permit fees on fees given the present circumstances and the language of its order imposing sanctions. *See* Dkt. No. 52.

And, so, the Court finds that $11,762 in post-filing fees were not reasonably incurred in preparing and filing the Motion for Sanctions, and it denies those fees.

Next, the Court turns to the pre-filing entries from October 3 to October 6, 2025.

The Court denies $19 billed for .1 hours of work for "[e]xchanging emails with Mr. Skepnek regarding today's deposition and exhibits for the same." Dkt. No. 71-1 at 11. H&R Block has not shown how preparing for this deposition was reasonably incurred in preparing its Motion for Sanctions.

H&R Block engages in block billing for three of its pre-filing entries – that is, its entries combine tasks within the order's scope with tasks outside the order's scope but do not apportion time among these listed activities. *See, e.g.*, Dkt. No. 71-1 at 11 (billing 6.8 hours of work on October 3, 2025 for "draft[ing] motion for sanctions" but also "[p]repar[ing] for deposition of Thomas Crosby"; 0.1 hours of work on October 3, 2025 for "revis[ing] motion for sanctions" but also "confer[ring] re strategy for deposition appearance"; and 3.9 hours of work on October 6, 2025 for "revisions to Motion for Sanctions" but also for "withdrawal of Notice of Deposition for Beatrice Crosby")

The Court cannot "accurately determin[e] the time spent on any particular task" in these entries and, so, cannot quantify with precision the extent to which each of these entries should be reduced. *Wyndham*, 2023 WL 2392090, at *3.

But that burden is not the Court's. The party seeking reimbursement must justify the number of hours expended through adequately recorded time records. *See Watkins*, 7 F.3d at 457; *Blum*, 465 U.S. at 896 n.11. When a party fails to do so and instead engages in block billing, percentage reductions are the accepted remedy. *See Fralick*, 2011 WL 487754, at *13; *Saizan*, 448 F.3d at 799.

Here, entries that contain matters both within and outside the order's scope will be uniformly reduced by half their respective hours. So the Court reduces – by one half – the requested $4,213.50 for 12 hours of pre-filing work.

The second and third pre-filing entries for October 6, 2025 contain only matters within the scope of the order granting sanctions and, so, are awarded in full in the

amount of $601.

In total, the Court reduces H&R Block's requested award by $13,887.75 for 41 hours of work and awards $2,707.75 for 7.4 hours of work in Rule 37(b)(2)(C) sanctions.

The Court has reviewed the *Johnson* factors and finds that neither application presents exceptional circumstances that warrant additional modifications to H&R Block's awards.

## Conclusion

The Court GRANTS IN PART AND DENIES IN PART Defendant H&R Block Enterprises Inc.'s Application for Attorneys' Fees and Costs Pursuant to Order Granting H&R Block's Expenses and Attorneys' Fees [Dkt. No. 70] by ORDERING Plaintiff Quik Tech, LLC, Roquemore Skierski PLLC, and D. Shawn Stevens, jointly and severally, to pay H&R Block $3,066 in attorneys' fees under Federal Rule of Civil Procedure 37(a)(5)(A) by **September 30, 2026**.

And the Court GRANTS IN PART AND DENIES IN PART H&R Block's Application for Attorneys' Fees and Costs Pursuant to Memorandum Opinion and Order Granting in Part and Denying in Part Motion for Sanctions [Dkt. No. 71] by ORDERING Quik Tech itself to pay $2,707.75 in attorneys' fees under Federal Rule of Civil Procedure 37(b)(2)(C) by **September 30, 2026**.

SO ORDERED.

DATE: September 15, 2026

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE